Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
Fax: (801) 363-4218
amort@dkowlaw.com
lmilne@dkowlaw.com
ccheney@dkowlaw.com
*Attorneys for Petitioner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND RANCH ACADEMY, INC.; a corporation, <br><br> Defendant. | **COMPLAINT** <br><br> Case No. |

Plaintiff Dean Goodridge, individually and as the natural parent, heir and personal

representative of Taylor Goodridge, a deceased minor, by and through their counsel of record,

Dewsnup, King & Olsen, hereby complain of Diamond Ranch Academy and alleges the

following:

## PARTIES

1.     Respondent Diamond Ranch Academy is a Utah corporation that provides in-patient treatment for youths located on a 55-acre campus in Washington County, Utah.

2.     Taylor Goodridge, a deceased minor child, resided in Hurricane, Utah, at the time of her death, but was a citizen of Washington and was domiciled there.

3.     Taylor Goodridge is the daughter of the Plaintiff Dean Goodridge, who is a resident of the state of Washington.  Plaintiff brings this action individually and on behalf of all the heirs of Taylor Goodridge and on behalf of the estate of Taylor Goodridge.

4.     Diamond Ranch Academy ("DRA") is a Utah corporation with its principal place of business in Hurricane, Utah.

## JURISDICTION

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Plaintiff is in the process of complying with Utah Code Annotated, §§ 78B-3-401, *et seq*., in order to bring an action against Diamond Ranch Academy pursuant to the Utah Health Care Malpractice Act and the complaint will be amended once that process is complied with.

## GENERAL ALLEGATIONS OF FACT

7.     DRA is a residential treatment center and therapeutic boarding school in Hurricane, Utah, for troubled youth between the ages of 12 and 18.

8.     DRA holds itself out as "an industry leader in helping youth realize their potential."  It represents that its students "become their best selves in a structured elite private

school environment with a personalized therapeutic approach" and promises that "[t]he challenges you are facing with your child today do not need to limit the possibilities of tomorrow."

9.      DRA employs, among others, licensed physicians, and healthcare providers.

10.     DRA's theme is "Healing Families One Youth at a Time."

11.     DRA invites parents, including Native American parents, to bring their children who are struggling with emotional and addiction issues, for treatment and care.

12.     The DRA Parent Manual states in part: "Our program is proven effective – **and we guarantee it** – when the program is followed closely and when the parents support it completely."

13.     The DRA Parent Manual further states: "We recognize how difficult a decision it was to intervene on your child's behalf. We also recognize how difficult it is to place the care of you child in the hands of another. *Please take comfort in knowing that we take our responsibility very seriously*."

14.     DRA promises parents to "treat every student as if they were our own daughter or son."

15.     DRA promises parents that students will be allowed to ensure for their basic health needs, such as requesting appointments with on and offsite providers, addressing medical concerns with professionals and that the medical staff would attend to their needs onsite as if they were in their family medical practice.

16.     Given these representations and promises, Plaintiff matriculated his minor daughter, Taylor Goodridge, into the DRA program and she was removed from her home in the

State of Washington and was physically placed into the DRA, where she became a resident for several months.

17.     Unbeknownst to Plaintiff, despite these assurances, representations and promises, children that become ill at DRA are often ignored or told that they are faking their illnesses. Many claim that they are given aspirin and water and told to "suck it up."

18.     Taylor entered DRA was in very good health and was an athlete, competing on the DRA volleyball team.

19.     Upon information, beginning in November 2022, Taylor began to experience extreme abdominal pain.

20.     The pain became so excruciating that Taylor was begging the DRA staff for help.

21.     At one point in time, Taylor collapsed in her vomit.

22.     Taylor continued to beg for help, these complaints were ignored by the staff at DRA.

23.     DRA staff told her that she was faking it and needed to "suck it up."

24.     Taylor's stomach became extremely distended so that it was noticeable to others.

25.     Taylor was in excruciating pain, but all the DRA staff did was tell her to drink water and take aspirin.

26.     Finally, on December 20, 2022, Taylor collapsed and died.

27.     DRA called her father and told him that Taylor had suffered a heart attack and was taken to the hospital.

28.     The DRA then called her father and told him she had perished at the hospital from a heart attack.

29.     Unbeknownst to the Plaintiff, Taylor was dead before she had left the DRA.

30.     Upon information and belief, Taylor died of sepsis related to her several weeks of complaints to the staff.

## FIRST CLAIM FOR RELIEF
### (Negligence/Knowing and Reckless Indifference)

31.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32.     DRA was acting in *loco parentis* and had a special legal relationship with Taylor Goodridge.

33.     DRA had a duty to exercise responsible care in the treatment and supervision of Taylor Goodridge.

34.     DRA knew that Taylor Goodridge was suffering from extreme pain in her abdominal area.

35.     DRA breached the duty that it owed to Taylor Goodridge and the Plaintiff, thereby creating a substantial risk of, and in fact causing, serious bodily injury and death to Taylor Goodridge.

36.     DRA's breaches of duty included, among other things:

   a.     Failing to provide Taylor Goodridge with adequate supervision and care;

   b.     Failing to provide and/or follow policies and procedures related to supervision and care of Taylor Goodridge;

5

     c.     Failing to properly assess, document, and treat Taylor Goodridge's health condition;

     d.     Failing to appropriately train staff; and

     e.     Not acting immediately treating Taylor Goodridge but instead putting its public relations ahead of Taylor Goodridge's life.

37.     DRA's acts and omissions manifested a knowing and reckless indifference toward and a disregard of the rights of others, including Taylor Goodridge and the Plaintiff.

38.     As a direct and proximate result of DRA's acts and omissions, Plaintiff and the other heirs suffered and will continue to suffer the loss of the relationship with their daughter, causing them extreme mental and emotional anguish; loss of the care, comfort, companionship, society, guidance, love, affection, association, services, and support of their daughter; and the permanent destruction of their family unit.

39.     As a direct and proximate result of DRA's acts and omissions, TAYLOR suffered severe physical pain, discomfort, loss of enjoyment of life, and death, and the Plaintiff incurred medical expenses prior to TAYLOR's untimely death and have incurred funeral and burial expenses as a result of her death.

### SECOND CLAIM FOR RELIEF
### *(Breach of Fiduciary Duty)*

40.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

41.     DRA owed a fiduciary duty to Plaintiff his daughter.

42.     DRA breached the fiduciary duty it owed to Plaintiff and his daughter.

43.     As a direct and proximate result of DRA's acts and omissions, Plaintiff and other heirs have suffered and will continue to suffer the loss of the relationship with their daughter, causing them extreme mental and emotional anguish; loss of the care, comfort, companionship, society, guidance, love, affection, association, services and support of their daughter; and the permanent destruction of their family unit.

44.     As a direct and proximate result of DRA's acts and omissions, Taylor Goodridge suffered severe physical pain, discomfort, loss of enjoyment of life, and death, and the Plaintiff incurred medical expenses prior to Taylor Goodridge's untimely death and have incurred funeral and burial expenses as a result of her death.

## THIRD CLAIM FOR RELIEF
### *(Premises Liability)*

45.     Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

46.     Taylor Goodridge's was DRA's invitee.

47.     DRA owed Taylor Goodridge a duty of care to provide care to its invitees.

48.     DRA was aware that Taylor Goodridge was in extreme pain but did nothing to help her.

49.     As a direct and proximate result of DRA's breach of duty, Taylor Goodridge was subjected to the dangerous conditions that caused Taylor Goodridge's injury and death.

50.     As a direct and proximate result of DRA's negligence, Plaintiff and the other heirs have suffered and will continue to suffer the loss of the relationship with their daughter, causing them extreme mental and emotional anguish; loss of the care, comfort, companionship, society, guidance, love, affection, association, services and support of their daughter; and the permanent destruction of their family unit.

51.     As a direct and proximate result of DRA's negligence, Taylor Goodidge suffered severe physical pain, discomfort, loss of enjoyment of life, and death, and the Plaintiff incurred medical expenses prior to his untimely death and have incurred funeral and burial expenses as a result of her death.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, DRA, as follows:

1.     For general damages in an amount to be proved at trial;

2.     For special damages in an amount to be proved at trial;

3.     For punitive damages in an amount sufficient to punish DRA and to deter DRA and others in similar situations from engaging in such conduct in the future; and

4.     For such other costs, expenses, attorney's fees, and other relief the Court finds appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**DATED** this 30th day of December 2022.

DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE


 */s/ Alan W. Mortensen*
Alan W. Mortensen
Lance L. Milne
Christopher J. Cheney
*Attorneys for Petitioner*