Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
MORTENSEN & MILNE
68 South Main, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 521-4444
amort@mortmilnelaw.com
lmilne@mortmilnelaw.com
ccheney@mortmilnelaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC.; a corporation, JOHN DOE I<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 4:22-cv-000102-DN |

**PRELIMINARY MATTERS**:

    a.    Describe the nature of the claims and affirmative defenses: This is a wrongful death claim for the death of Taylor Goodridge on December 20, 2022 at the Defendant Diamond Ranch Academy. Plaintiff Dean Jeffries L. Goodridge is Taylor Goodridge's father and the personal representative of Taylor Goodridge's estate. Plaintiff brings this case on his behalf, the behalf of Taylor's mother AmberLynn Wigtion, and the Estate of Taylor Goodridge. Plaintiff has brought claims for False Imprisonment, Premises Liability, Inn Keeper Liability, Child Abuse, Reckless

        Indifference, and Breach of Fiduciary Duty. Plaintiff alleges that the conduct of Defendant warrants punitive damages in this matter.

        Defendants deny liability for this matter and deny many of the allegations of the Complaint. Further, this matter seeks to bring claims of medical malpractice and Plaintiff has not yet completed the pre-litigation process before the Department of Professional Licensing as required, and therefore the case should be dismissed. Defendants' motion to dismiss is currently pending.

    b.    This case is referred to a Magistrate Judge Paul Kohler.

    c.    Pursuant to Fed. R. Civ. P. 26(f), the parties communicated electronically regarding the discovery plan. The following attended:

        Alan Mortensen, counsel for Plaintiff.

        Heidi Goebel, counsel for Defendant.

    d.    In the event of a ruling denying Defendants' Motion to Dismiss, the parties will exchange within two weeks of filing of Defendants' Answer, the initial disclosures required by Rule 26(a)(1).

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects: The facts relating to the Taylor Goodridge's death, how long she had been sick, the care that the Defendant provided and the pattern and practice of such conduct by the Defendant in the past.

    b.    Discovery Phases: Discovery will not be conducted in phases.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

     Oral Exam Depositions

     Plaintiffs **20**

     Defendant **20**

     Maximum number of hours per deposition **7**

  (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

     Interrogatories **25**

     Admissions **25**

     Requests for production of documents **25**

  (3) Other discovery methods: N/A.

 d. Discovery of electronically stored information should be handled as follows: **According to the rules of civil procedure.**

 e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: **Providing a privilege log to the opposing Party.**

 f. Last day to serve written discovery **180 days after filing of the Answer**

 g. Close of fact discovery **210 days after filing of the Answer**

 h. Final date for supplementation of disclosures under Rule 26(a)(1) and of discovery under Rule 26(e): **224 days after filing of the answer.**

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

 a. The cutoff dates for filing a motion to amend pleadings are:

  Plaintiffs **60 days after filing of answer** Defendant **90 days after filing of answer**

 b. The cutoff dates for filing a motion to join additional parties are:

  Plaintiffs **60 days after filing of answer** Defendant **90 days after filing of answer**

4. **EXPERT REPORTS**:

 a. The parties will disclose the subject matter and identity of their experts on*:*

        Parties bearing burden of proof **270 days after filing of the answer**

        Counter Disclosures **330 days after filing of the answer**

   b.   Reports from experts under Rule 26(a)(2) will be submitted on:

        Parties bearing burden of proof 270 days after filing of the answer

        Counter Disclosures **330 days after filing of the answer**

**5.**   **OTHER DEADLINES**:

   a.   Expert Discovery cutoff:  **390 days after filing of the answer**

   b.   Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. **420 days after filing of the answer**

   c.   Deadline for filing partial or complete motions to exclude expert testimony **420 days after filing of the answer.**

**6.**   **ADR/SETTLEMENT**:

   a.   The potential for resolution before trial is:  **Unknown**

   b.   The parties may file a motion to participate in the Court's alternative dispute resolution program for a settlement conference (with magistrate judge).

   c.   The parties may engage in private alternative dispute resolution for: mediation.

d.   The parties will re-evaluate the case for settlement/ADR resolution on 210 days after filing the answer.

**7.**   **TRIAL AND PREPARATION FOR TRIAL:**

   a.   The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

   b.   This case should be ready for trial by:  **495 days after filing of the answer**

       *Specify type of trial*:  Jury

   c.   The estimated length of the trial is:  10 ***days.***

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

DATED this 29th day of March, 2023.

        MORTENSEN & MILNE

        /s/ Alan W. Mortensen
        Alan W. Mortensen
        Attorneys for Plaintiff

DATED this 29th day of March, 2023.

        GOEBEL & ANDERSON

        /s/ Heidi G. Goebel (signed with permission)
        Heidi G. Goebel
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

        I hereby certify that on March 29, 2023, I caused a true and correct copy of the foregoing ATTORNEY PLANNING MEETING REPORT to be filed with the Court electronically, and by email on all parties of record as follows:

>Heidi Goebel
>GOEBEL ANDERSON PC
>405 South Main Street, Suite 200
>Salt Lake City, UT 84111
>HGoebel@GAPClaw.com

        /s/ Natalie Cottam