Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
MORTENSEN & MILNE
68 South Main, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 521-4444
amort@mortmilnelaw.com
lmilne@mortmilnelaw.com
ccheney@mortmilnelaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased,<br><br>　　Plaintiff,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC.; a corporation, JOHN DOE I<br><br>　　Defendant. | **MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Case No. 4:22-cv-000102-DN |

### SPECIFIC RELIEF SOUGHT AND GROUNDS FOR RELIEF

By this Motion, Plaintiff Dean Goodridge, individually and as the natural parent, heir and personal representative of Taylor Goodridge, a deceased minor, seeks an order from the Court granting him leave to amend and add additional parties. Specifically, Plaintiff seeks leave to identify JOHN DOE 1 as Big Springs Properties, LLC and include Taylor Goodridge's mother, AmberLynn Wigtion, as a named plaintiff. Rule 15(a)(1) permits amendment with leave of court

and states that "[t]he court should freely give leave when justice so requires."[1] Leave to amend is proper in this case.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff's seventeen-year-old daughter, Taylor Goodridge, was a student at Diamond Ranch Academy.

2. Taylor died on December 20, 2022, after complaining for several days of vomiting and severe stomach pain.

3. Taylor was never allowed to talk to her parents, leave the premises, or even see the doctor on site at Diamond Ranch Academy while she was sick.

4. Plaintiff filed his initial Complaint on December 30, 2022.[2]

5. Plaintiff filed his First Amended Complaint on February 17, 2023, before any responsive pleading was filed, and included claims against JOHN DOE I as the property owner of the land upon which the Diamond Ranch Academy is located.[3]

6. Defendant Diamond Ranch Academy, Inc. moved to dismiss the First Amended Complaint *without prejudice* on March 10, 2023, which motion is currently pending.[4]

7. Plaintiff has since learned the identity of JOHN DOE I, which is Big Springs Properties, LLC.

8. Also, Taylor Goodridge's mother, AmberLynn Wigtion, has retained undersigned counsel and desires to be added as a co-plaintiff.

---

[1] Fed. R. Civ. P. 15(a)(2).
[2] See Complaint, docket no. 2, filed Dec. 30, 2022.
[3] See First Amended Complaint, docket no. 6, filed Feb. 17, 2023.
[4] See Rule 12(b) Motion to Dismiss, docket no. 14, filed Mar. 10, 2023.

9.      Pursuant to DUCivR 15-1, Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit A. A redlined version is attached hereto as Exhibit B.

## ARGUMENT

"Rule 15 of the Federal Rules of Civil Procedure allows one amendment of a complaint before a responsive pleading is served or within twenty-one days after the complaint is served."[5] "In all other cases," amendment requires written consent or leave of court.[6] "The court should freely give leave when justice so requires."[7]

With respect to DOE defendants, "[w]hen a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant."[8] Furthermore, "the failure to afford a plaintiff such opportunity is error."[9] In *Myers v. St. George Police Department*, though denying a motion for leave to amend, this Court found that "it is still appropriate that Plaintiff be permitted to file an amended complaint to properly identify Defendants in the Original Complaint's surviving claims."[10] There is no basis, such as undue delay, undue prejudice, or bad faith, to deny leave to amend to identify Big Springs Properties, LLC as a defendant.[11]

---

[5] *Makeen Inv. Group, LLC v. Colorado*, 825 F. App'x 565, 570 (10th Cir. 2020) (citing Fed. R. Civ. P. 15(a)(1)).
[6] *See* Fed. R. Civ. P. 15(a)(2).
[7] *Id*.
[8] *Thompson v. Gomez*, No. 1:18-cv-00125, 2020 WL 417773, at *2 n.2 (E.D. Cal. Jan. 27, 2020) (unpublished) (citations omitted).
[9] *Id*. (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).
[10] *See Myers v. St. George Police Dep't*, No. 4:20-CV-00113-DN-PK, 2021 WL 4172930, at *11 (D. Utah Sept. 14, 2021) (unpublished).
[11] *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party,

Likewise, adding Taylor Goodridge's mother as a named party is appropriate. A wrongful death claim in Utah can be maintained by the decedent's personal representative, and also by the "heirs" of the decedent, which AmberLynn Wigtion is.[12]

## CONCLUSION

BASED UPON THE ABOVE ARGUMENTS, Plaintiff's motion for leave to file a Second Amended Complaint, should be granted.

DATED this 29th day of March, 2023.

MORTENSEN & MILNE

 */s/ Alan W. Mortensen*
Alan W. Mortensen
Lance L. Milne
Christopher J. Cheney
*Attorneys for Plaintiff*

---

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.")
[12] Utah Code Ann. § 78B-3-106(1).

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2023, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT** to be filed with the Court electronically, and by email on all parties of record as follows:

    Heidi Goebel
    GOEBEL ANDERSON PC
    405 South Main Street, Suite 200
    Salt Lake City, UT 84111
    HGoebel@GAPClaw.com

    /s/ Natalie Cottam