Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
Joshua S. Ostler (14277)
MORTENSEN & MILNE
68 South Main, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 521-4444
amort@mortmilnelaw.com
lmilne@mortmilnelaw.com
ccheney@mortmilnelaw.com
jostler@mortmilnelaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as the Natural Father and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased, and AMBERLYNN WIGTION, Individually and as the Natural Mother of TAYLOR GOODRIDGE, Deceased<br><br>         Plaintiffs,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC.; a corporation, and BIG SPRINGS PROPERTIES, LLC,<br><br>         Defendants. | **PLAINTIFFS' COUNSEL'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br>Case No. 4:22-cv-000102-DN<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs' counsel, Alan W. Mortensen of Mortensen & Milne, hereby provides the following response to the Court's May 2, 2023 Order to Show Cause.

## STATEMENT OF FACTS

1. The Court granted Plaintiffs leave to file their Second Amended Complaint on April 17, 2023.[1]

2. The Court also ordered Plaintiffs' counsel to include the members of the newly added party, Big Springs Properties, LLC, and their citizenship in the Second Amended Complaint in order to verify that complete diversity exists between the Plaintiffs and Big Springs Properties, LLC.[2]

3. On April 26, 2023, Plaintiffs' counsel filed the original Second Amended Complaint, which redlined version was provided to the Court in its Motion to Amend the Complaint[3], instead of a version that included the Ordered information of Defendant Big Springs Properties, LLC.

4. Plaintiffs' counsel Alan Mortensen was overseeing this process and acknowledges that he did not comply with the Court Order.[4]

5. Non-compliance with the Court Order was based upon a miscommunication between Plaintiffs' counsel and his paralegal and was not done willfully or intentionally. The Plaintiffs/Parties had no involvement in this misfiling.[5]

---

[1] *See* Order, Memorandum Decision and Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint, docket no. 22, filed April 17, 2023.
[2] *Id.*
[3] *See* Exhibit 2 to Plaintiffs' Motion to File Second Amended Complaint, docket no. 18, filed Marh 29, 2023..
[4] *See* Declaration of Alan W. Mortensen at ¶ 11, attached hereto as Exhibit 1.
[5] *Id.* at ¶ 12.

6. Plaintiffs' counsel believes that a simple withdrawal of the erroneously filed Second Amended Complaint with the attached Second Amended Complaint (redlined version attached), will cure the deficiency.[6]

7. Plaintiffs' counsel's actions have caused no prejudice to the Defendants, as they:

    a. Have not answered any of Plaintiffs' three complaints;

    b. Have moved to dismiss the entire action based upon Plaintiffs' medical malpractice claim not yet being ripe;

    c. Did not oppose the motion to amend;

    d. Have incurred no additional costs or delay.[7]

8. Plaintiffs' counsel proposes that any sanction by the Court for this mistake should be addressed to him and not to his clients who had no involvement in this misfiling.[8]

## ARGUMENT

This Court has ordered Plaintiffs' counsel to show cause why the Court should not dismiss Plaintiffs' Second Amended Complaint under Rules 16(f)(1)(C) and 37(b)(2)(C) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 16(f)(1)(C) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" for failing to "obey a scheduling or other pretrial order."[9] Rule 37(b)(2) permits a court to issue "[a]n order ... dismissing the action".[10]

---

[6] *Id.* at ¶13.
[7] *Id.* at ¶14.
[8] *Id.* at ¶15.
[9] Fed. R. Civ. P. 16(f)(1)(C).
[10] While the failure to plead the parties' citizenship may not be a failure of complying with a discovery order, it does not change the Court's ability to sanction parties for failing to comply with a Court order.

As this Court has stated previously: "This Court's 'interest in ensuring a party's compliance with its orders is a great one.[11] Courts have the inherent authority "to manage their own affairs,' including '[t]he power to punish for contempts.'[12] Pursuant to that authority, a court may impose appropriate sanctions to discourage misconduct and protect the integrity of judicial proceedings.[13]"

Determination of the correct sanction is a fact-specific inquiry that the district court is best qualified to make.[14] While this Court certainly has within its discretion to dismiss a complaint for violation of a Court order, this discretion should be used only when "dismissal alone would satisfy the interests of justice."[15] "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct.[16]" In many cases, a lesser sanction will deter the errant party from further misconduct. "Because dismissal with prejudice 'defeats altogether a

---

[11] *United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1248–49 (D. Utah 2020) citing *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997); *see also Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) ("The district court has 'inherent power to enforce compliance with [its] lawful orders through civil contempt.' ") (quoting *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)); *see also United States v. Bibbins*, 113 F. Supp. 2d 1194, 1202 (E.D. Tenn. 2000) ("In large measure, the American legal system is fundamentally dependent upon voluntary compliance with its judgments and procedures by all participants in the system .... The Court does not have a standing army to enforce its rules and orders.").
[12] *Rapower-3, LLC*, 470 F. Supp. 3d at 1248. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255-57 (10th Cir. 2015).
[13] *Rapower-3, LLC*, 470 F. Supp. 3d at 1249.
[14] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).
[15] *Id*. at 918.
[16] *Id*. at 920 (*quoting Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988); *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872–73 (10th Cir.1987).

litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.[17]'" In considering the appropriate sanction, the Court should determine whether it was the client or his attorney that is at fault for failing to comply with the Court order and the impact of the sanction should only impact the entity at fault.[18]

The Court's discretion to choose an appropriate sanction "is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order'". Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including:

> (1) "the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant,"[19] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance,[20] and (5) the efficacy of lesser sanctions. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[21]

---

[17] *Id.*

[18] *Id.* (citing *In re Sanction of Baker,* 744 F.2d 1438, 1442 (10th Cir.1984) (en banc) (impact of sanction should be lodged with either counsel or client, depending on which was at fault), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985)).

[19] *Id. Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10th Cir.1988) (quoting *Meade,* 841 F.2d at 1521 n. 7 (10th Cir.1988)).

[20] *Id. See, e.g., Willner v. University of Kansas,* 848 F.2d 1023, 1030 (10th Cir.1988) (per curiam), *cert. denied,* 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); *Standard Metals,* 817 F.2d at 629; *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); *Spiller v. U.S.V. Labs., Inc.,* 842 F.2d 535, 538 (1st Cir.1988).

[21] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *See also Cline v. Parker Indus., Inc.,* No. 2:21-CV-00635, 2023 WL 2574138, at *1 (D. Utah Mar. 20, 2023).

A review of these *Ehrenhaus v. Reynolds* (Ehrenhaus factors) demonstrates that dismissal of Plaintiffs' Second Amended Complaint is not warranted.

### A.   THERE IS NO ACTUAL PREJUDICE TO DEFENDANTS.

As stated above, Defendants have suffered no actual or perceived prejudice in this matter. Defendants have answered neither Plaintiffs' complaint, nor its two amendments, while their motion to dismiss this matter is pending. No attorney fees have been incurred to oppose Plaintiffs' Second Amended Complaint and the necessary revisions to cure the impact of the misfiling can be made by the Court withdrawing the improperly filed Second Amended Complaint with the proper Second Amended Complaint.

### B.   THERE IS NO SIGNIFICANT INTERFERENCE WITH JUDICIAL PROCESS AND THE NON-COMPLIANCE WITH ORDER IS NOT PLAINTIFFS' FAULT.

Plaintiffs' counsel is very well aware of the magnitude of not following a judicial order. This order to show cause is a first for him in his 30-year career and he is aware of the magnitude of his mistake and the necessity to plead the parties' citizenship in order to secure diversity jurisdiction of the Court. Counsel is not trying to hide his mistake under the rug, but does wish to highlight to the Court that the mistake is the result of a miscommunication between he and his staff and not any intent to interfere with the judicial process or to flout opposition to the Court order. The mistake has not halted "the ability to proceed with this case" in any fashion.[22]

Moreover, the Plaintiffs/Parties have done nothing to disobey the Court's order. To punish the Plaintiffs with such a drastic sanction is wholly unfair to Plaintiffs. Any sanction should be imposed against Mr. Mortensen and no one else.

---

[22] *Taylor v. Cook*, No. 1:20-CV-17 TS, 2023 WL 22231, at *2 (D. Utah Jan. 3, 2023)

      **C.**    **THE COURT DID NOT WARN PLAINTIFFS THAT FAILURE TO INCLUDE CITIZENSHIP OF PARTIES WOULD RESULT IN DISMISSAL.**

Under the Tenth Circuit's *Ehrenhaus* factors, the Court should also consider whether the order at issue warned Plaintiffs' counsel that the case could be dismissed for noncompliance.[23] Plaintiffs' counsel do not take comfort in the fact that the Court's order does not warn of dismissal for noncompliance; counsel is fully aware of the sanctions that can be imposed for willfully disobeying a Court order. As noted above, however, Plaintiffs' counsel did not willfully disobey the order. The mistake was based upon a miscommunication between Plaintiffs' counsel and his paralegal.

      **D.**    **A LESSER SANCTION IS SUFFICIENT.**

The Court has discretion to craft a sanction that deters the offending party but also protects the judicial system's strong predisposition to resolve cases on their merits. In this matter a coercive sanction is appropriate. "[C]oercive sanctions seek to avoid the harm threatened by continued contumacy," and therefore such sanctions may "remain [in place] only until the contemnor complies with the order."[24] Plaintiffs counsel wishes to remedy the mistake by withdrawing the Second Amended Complaint and filing the correct version. To the extent a compensation remedy is sought by the Court, fining Plaintiffs' counsel or requiring community service of a certain amount of hours would be appropriate to remedy the mistake.

---

[23] *Ehrenhaus*, 965 F.2d at 921 ("a court should ordinarily consider a number of factors, including: … (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance").
[24] *United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1249 (D. Utah 2020).

## **CONCLUSION**

BASED UPON THE ABOVE, Plaintiffs' Second Amended Complaint should not be dismissed. The Court should formulate an appropriate sanction upon counsel for Plaintiffs. Plaintiffs should be allowed to withdraw the improperly filed Second Amended Complaint and file the red-lined version attached hereto as Exhibit 2.

DATED this 8th day of May, 2023.

                                                      MORTENSEN & MILNE

                                                      */s/ Alan W. Mortensen*
                                                      Alan W. Mortensen
                                                      Lance L. Milne
                                                      Christopher J. Cheney
                                                      Joshua S. Ostler
                                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on May 8, 2023, I caused a true and correct copy of the foregoing PLAINTIFFS' COUNSEL'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE to be filed with the Court electronically, and by email on all parties of record as follows:

   Heidi G. Goebel
   Samantha E. Wilcox
   GOEBEL ANDERSON PC
   405 South Main Street, Suite 200
   Salt Lake City, UT 84111
   HGoebel@gapclaw.com
   SWilcox@gapclaw.com

                                                              /s/ Natalie Cottam