THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, individually and as the natural father and personal representative of the Estate of TAYLOR GOODRIDGE, deceased, and AMBERLYNN WIGTION, individually and as the natural mother of TAYLOR GOODRIDGE, deceased,<br><br>                Plaintiffs,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC., a Utah corporation; BIG SPRINGS PROPERTIES, LLC a Utah limited liability company; DANNY WORWOOD, M.D., a resident of Utah; BROOKS WILEY, FPMHNP-BC, a resident of Utah; and CAMERON HUGHES, R.N., a resident of Utah,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DIAMOND RANCH ACADEMY'S MOTION TO DISMISS AND MOTION TO EXTEND TIME TO FILE AN ANSWER**<br><br>Case No. 4:22-cv-00102-DN-PK<br><br>District Judge David Nuffer |

This matter arose after Plaintiffs' 17-year-old daughter, Taylor Goodridge, died while attending the therapeutic boarding school of Diamond Ranch Academy ("Diamond Ranch"). Diamond Ranch filed a Motion to Dismiss seeking the dismissal of Plaintiffs' claims for false imprisonment, innkeeper liability, and educational negligence on the grounds that Plaintiffs fail to allege sufficient facts to support these claims.[1] (Plaintiffs' Fourth Amended Complaint contains several other claims not subject of this motion.) Additionally, Diamond Ranch argues

---

[1] Defendant Diamond Ranch Academy, Inc.'s Fed. R. Civ. P. 12(B)(6) Motion for Partial Dismissal of Plaintiff's Complaint ("Diamond Ranch's Motion to Dismiss"), docket no. 63, filed August 24, 2023.

that the deadline for them to respond to the Answer should be extended until after the briefing for this Motion is completed. Plaintiffs filed a Response, arguing three of their claims should not be dismissed, and Diamond Ranch filed a Reply.[2]

Because Plaintiffs fail to plausibly plead facts to support their false imprisonment, innkeeper liability, and educational negligence claims in their Fourth Amended Complaint, Diamond Ranch's Motion to Dismiss these claims is GRANTED.[3] Additionally, Defendants' request to toll the time to respond to the other claims in Plaintiffs' Fourth Amended Complaint is GRANTED.

**Table of Contents**

| | | | |
|---|---|---|---|
| A. | BACKGROUND | | 3 |
| B. | STANDARD OF REVIEW | | 4 |
| C. | DISCUSSION | | 5 |
| | 1. | Plaintiffs' false imprisonment claim is dismissed because Plaintiffs did not allege facts that plausibly suggest Diamond Ranch confined or intended to confine Taylor Goodridge within fixed boundaries | 5 |
| | | i. Plaintiffs' allegation that Diamond Ranch's forced Taylor to shower and attend breakfast is not sufficient to support a false imprisonment claim | 7 |
| | | ii. The allegation that appears in Plaintiffs' Response to the Motion to Dismiss, which is not in Plaintiffs' Complaint, cannot support their false imprisonment claim | 8 |
| | | iii. Plaintiffs' allegation that Diamond Ranch 'willfully detained' Taylor is a conclusory statement that does not support their false imprisonment claim | 8 |
| | 2. | Plaintiffs' innkeeper-liability claim is dismissed because Plaintiffs failed to establish that Utah has a distinct claim for innkeeper liability and Diamond Ranch is not an innkeeper | 9 |
| | | i. Plaintiffs' innkeeper-liability claim is dismissed because Plaintiffs did not provide any relevant legal basis for their claim | 9 |
| | | ii. Plaintiffs' innkeeper liability claim is also dismissed because Diamond Ranch is not an innkeeper | 11 |

---

[2] Memorandum Opposing Rule 12(b) Motion to Dismiss, ("Plaintiffs' Response"), docket no. 75, filed September 8, 2023; Defendant Diamond Ranch Academy, Inc.'s Reply Memorandum in Support of Fed. R. Civ. P. 12(b)(6) Motion For Partial Dismissal of Plaintiffs' Complaint, ("Diamond Ranch's Reply"), docket no. 80, filed September 22, 2023.

[3] Fourth Amended Complaint, docket no. 43, filed August 3, 2023.

      3.      Plaintiffs' educational negligence claim is dismissed because Plaintiffs failed to establish that Utah recognizes educational negligence claims and failed to plead sufficient facts for two essential elements for negligence claims ......................... 12
            i.    Plaintiffs' educational negligence claim is dismissed because Plaintiffs failed to establish that Utah recognizes educational negligence claims ... 13
            ii.   Plaintiffs' educational negligence claim is also dismissed because Plaintiffs failed to plead facts that suggest Diamond Ranch breached its duty by providing Taylor Goodridge a poor education ............................ 14
            iii.  Plaintiffs' educational negligence claim is also dismissed because Plaintiffs failed to plead facts that suggest Diamond Ranch's poor education standards were the proximate cause of Taylor's death ............. 14
      4.      Diamond Ranch's request for an extension of time to file an Answer to Plaintiffs' Fourth Amended Complaint is granted .................................................................. 15
ORDER .................................................................................................................................. 15

### A. BACKGROUND[4]

Diamond Ranch Academy ("Diamond Ranch") was a residential treatment center and therapeutic boarding school in Hurricane, Utah, for troubled youths between the ages of 12 and 18.[5] Diamond Ranch's staff included licensed physicians and healthcare providers.[6]

At the age of seventeen, Taylor Goodridge ("Taylor") was placed in Diamond Ranch by her parents in or around October 2021.[7] On December 9, 2022, Taylor reported to Diamond Ranch's medical staff that she was experiencing back pain and that she was having difficulty breathing.[8] On December 13, 2022, Taylor presented to Diamond Ranch's medical staff, and the medical staff learned that Taylor had been vomiting and experiencing an elevated heart rate.[9] Diamond Ranch's medical staff noted that Taylor continued to experience vomiting from

---

[4] These facts are drawn from the Fourt Amended Complaint. For a motion to dismiss, well-pleaded factual allegations in the Complaint must be accepted as true as true and draw all reasonable inferences in favor of the non-moving party. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021).

[5] Fourth Amended Complaint, ¶11 at 3.

[6] *Id*. ¶13 at 4.

[7] *Id*. ¶26 at 5.

[8] *Id*. ¶30 at 6.

[9] *Id*. ¶32 at 6.

3

December 14th through December 17th, but she was not referred to a medical doctor or taken to an off-site hospital on either of these days.[10]

Taylor begged staff to take her to the hospital, but her requests were denied.[11] Additionally, on December 19, 2022, Taylor expressed anger at Diamond Ranch's medical staff for their failure to help her while she was sick.[12] On December 20, 2022, Diamond Ranch's medical staff was requested because Taylor was too sick to leave her bed, and medical staff forced her to get up, shower, and go to breakfast.[13] On December 20, 2022, Taylor was seen by medical staff again for her vomiting, but she was not referred to a medical doctor or offsite hospital.[14] On December 20, 2022, Taylor collapsed at Diamond Ranch, and an ambulance was called.[15] Later, Taylor died of sepsis.[16] In the 12-day period prior to Taylor's death, Diamond Ranch documented that Taylor had vomited at least 14 times, and 7 times in one 11-hour period.[17]

## B. STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[18] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[10] *Id.* ¶¶35-39 at 6-7.

[11] Fourth Amended Complaint, docket no. 43, ¶¶41, 47 at 7-8.

[12] *Id.* ¶49 at 8.

[13] *Id.* ¶50 at 8.

[14] *Id.* ¶52 at 8.

[15] *Id.* ¶¶55-56 at 8.

[16] *Id.* ¶52 at 8.

[17] *Id.* ¶59 at 9.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citations omitted).

reasonable inference that the defendant is liable for the misconduct alleged."[19] "[A]ll well-pleaded factual allegations in [the] complaint [are accepted] as true, and . . . [are] view[ed] in the light most favorable to the [plaintiff]."[20]

"Plaintiffs need not provide detailed factual allegations, but they must allege enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests."[21] "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[22]

### C.  DISCUSSION

#### 1.  Plaintiffs' false imprisonment claim is dismissed because Plaintiffs did not allege facts that plausibly suggest Diamond Ranch confined or intended to confine Taylor Goodridge within fixed boundaries

"False imprisonment is an act intending to confine the other . . . within boundaries fixed by the actor, which results in such a confinement while the other is conscious of the confinement or is harmed by it."[23] In Utah, false imprisonment "occurs whenever there is an unlawful detention or restraint of another against his will."[24] The Utah Supreme Court has described "false imprisonment" as a "fundamental tort" of "wrongful imposition of control over [a person's] freedom of movement."[25]

---

[19] *Id.* (citations omitted).

[20] *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 1:22-cv-00167-RJS-DAO, 2023 WL 4238454, at *2 (D. Utah June 28, 2023) (citing *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021)).

[21] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023) (internal quotation marks omitted) (citations omitted) (internal alterations omitted).

[22] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

[23] *Lee v. Langley*, 121 P.3d 33, 38, (Utah App. 2005) (internal quotation marks omitted) (citing *Tiede v. State,* 915 P.2d 500, 503 n.4 (Utah 1996)).

[24] *Mildon v. Bybee*, 375 P.2d 458, 459 (Utah 1962).

[25] *Tolman v. K-Mart Enterprises of Utah, Inc.*, 560 P.2d 1127, 1128 (Utah 1977).

Diamond Ranch argues that the false imprisonment claim fails because Plaintiffs (i.e., Taylor's parents): (1) approved Taylor's admission to Diamond Ranch; (2) did not allege that they tried to remove Taylor from Diamond Ranch; and (3) did not allege Taylor was prevented from leaving Diamond Ranch's premises by Diamond Ranch's staff.[26] In response, Plaintiffs argue that their allegations in 33 different paragraphs support their false imprisonment claim, because those paragraphs state: (1) Diamond Ranch made written representations to the students' parents that Diamond Ranch would take care of the well-being of the students at the facility; (2) Taylor was in pain and sick in December 2022 at Diamond Ranch; (3) Diamond Ranch's staff did not take her to the hospital when they learned she was sick and despite Taylor's multiple requests; and (4) Taylor had no ability to call her parents, order a taxi, or walk off the premises.[27] Additionally, Plaintiffs further argued that: (1) Diamond Ranch restricted students' access to communication with their parents; (2) Diamond Ranch's students endured behavior modification programs, which included labor and workshops; (3) Diamond Ranch represented to parents that the students would be allowed to ensure their basic health needs; (4) Taylor begged Diamond Ranch's staff to take her to the hospital; and (5) Diamond Ranch cancelled Taylor's appointments to talk to her parents.[28]

Plaintiffs' false imprisonment claim is dismissed because Plaintiffs did not allege facts that suggest Diamond Ranch: (1) committed an act to confine Taylor Goodridge within a fixed boundary; or (2) committed an act with the intent to confine Taylor Goodridge within a fixed boundary. To put it differently, Plaintiffs' Complaint does not allege that Diamond Ranch committed an action that restrained Taylor's movement against her will. Instead, the Complaint's

---

[26] Diamond Ranch's Motion to Dismiss, docket no. 63, at 2-3.

[27] Plaintiffs' Response, at 2-5.

[28] *Id.* at 8.

false imprisonment claim relies on the fact that Diamond Ranch did not take Taylor to the hospital despite her serious symptoms and her requests for off-site medical treatment. These allegations may plausibly support some of Plaintiffs' eight other civil claims against Defendants, but these allegations are insufficient to support a plausible false imprisonment claim.

>  i. **Plaintiffs' allegation that Diamond Ranch's forced Taylor to shower and attend breakfast is not sufficient to support a false imprisonment claim**

Plaintiffs' allegation that Diamond Ranch forced Taylor "to get up, shower and go to breakfast" is not sufficient to support a false imprisonment claim.[29] Specifically, these facts do not support the inference that Diamond Academy's staff gave these orders with the intent to confine Taylor to a certain area of Diamond Academy's premises. Therefore, when viewed in isolation or in combination with the other allegations in the Complaint, this allegation that Taylor was forced Taylor "to get up, shower and go to breakfast" does not support Plaintiffs' false imprisonment claim.

In *May v. California Hotel and Casino*,[30] the Nevada Court of Appeals affirmed the trial court's decision to grant the defendant's motion for summary judgment on a false imprisonment claim. In *May*, the plaintiff alleged that he was falsely imprisoned because a security guard stood behind him and stared at him while the plaintiff waited to get his coins from a slot machine converted at a cashier's cage.[31] The Nevada Court of Appeals affirmed the trial court's dismissal of the false imprisonment claim because: (1) the Plaintiff did not identify sufficient evidence to demonstrate that the guard acted with intent to cause a harmful or offensive contact or imminent apprehension of such a contact; and (2) the submission of verbal direction from another does not

---

[29] *Id.* at 5; Fourth Amended Complaint, at 8.

[30] *May v. California Hotel & Casino*, 2016 WL 7409693 (Nev. App. 2016).

[31] *May*, 2015 WL 4698969, at *3.

constitute a false imprisonment claim. Similarly, Plaintiffs fail to plead intent to confine Taylor to a certain area of Diamond Academy's premises.

### ii. The allegation that appears in Plaintiffs' Response to the Motion to Dismiss, which is not in Plaintiffs' Complaint, cannot support their false imprisonment claim

Plaintiffs' statement that Diamond Ranch "refused to allow [Taylor] to leave [Diamond Ranch Academy]"[32] also does not support their false imprisonment claim because this allegation only appears in Plaintiffs' Response, but not in Plaintiffs' Complaint.[33] Specifically, there is no assertion in the Complaint that Taylor: (1) attempted to leave Diamond Ranch's premises, but was prevented from leaving by Diamond Ranch's staff; or (2) was ordered to stay on Diamond Ranch's premises by Diamond Ranch's staff after she stated she would be leaving Diamond Ranch's premises for the hospital. Additionally, it is not entirely clear whether Plaintiffs' assertion that Diamond Ranch "refused to allow [Taylor] to leave [Diamond Ranch Academy]" was an informal and colloquial summary of their allegations, or a specific factual allegation made against Diamond Ranch. Plaintiffs' decision to omit any explanation of this assertion, and to limit this assertion to a conclusory paragraph in their brief suggests that the assertion was a colloquial summary of their allegations instead of a specific factual allegation. In any case, this assertion does not appear anywhere in Plaintiffs' Complaint, and therefore, it cannot be used to support Plaintiffs' false imprisonment claim.

### iii. Plaintiffs' allegation that Diamond Ranch 'willfully detained' Taylor is a conclusory statement that does not support their false imprisonment claim

Plaintiffs' allegation that Diamond Ranch 'willfully detained' Taylor is a conclusory statement that is insufficient to support their false imprisonment claim. Specifically, Plaintiffs'

---

[32] Plaintiffs' Response, at 8.

[33] *Id.* at 9; Fourth Amended Complaint, at 3-20.

8

Complaint alleges: "[Diamond Ranch] was willfully detaining Taylor, without her consent and without the authority of any Court order or law."[34] The phrase 'willfully detained' is a conclusory statement because the words "detain" and "imprisonment" are synonyms. Additionally, the allegation does not explain or provide any supporting factual details of *how* Taylor was willfully detained. Instead, the Complaint alleges that Diamond Ranch's staff declined to take Taylor to the hospital after she made requests to go to the hospital. The denial of Taylor's request to transport her to the hospital does not constitute false imprisonment under Utah law, and Plaintiffs' other allegations are insufficient to support the false imprisonment claim.

> 2. **Plaintiffs' innkeeper-liability claim is dismissed because Plaintiffs failed to establish that Utah has a distinct claim for innkeeper liability and Diamond Ranch is not an innkeeper**
>
> i. **Plaintiffs' innkeeper-liability claim is dismissed because Plaintiffs did not provide any relevant legal basis for their claim**

Diamond Ranch argues that Plaintiffs' innkeeper liability claim should be dismissed because Diamond Ranch is not a "lodging establishment" under the Innkeeper's Rights Act ("IRA").[35] In response, Plaintiffs argue their innkeeper liability claim should not be dismissed because Diamond Ranch is a "lodging establishment" under the IRA since Diamond Ranch is a boarding school.[36]

Both parties are mistaken. The IRA does not provide Plaintiffs with *any* cause of action for innkeeper liability. Instead, the IRA lists: (1) situations where an innkeeper may deny services to potential guests; (2) requirements an innkeeper may demand of guests; (3) grounds

---

[34] Fourth Amended Complaint, at 9.

[35] Utah Code Ann. § 29-2-102(5).

[36] Utah Code Ann. § 29-2-102(5)(b), (e), and (h).

for ejecting guests; and (4) characteristics of guests that an innkeeper may not use to justify the denial of services.[37] In other words, the IRA does not apply to the facts of this case or any potential "innkeeper liability" claim based in negligence. Therefore, the definitional section of the IRA is not relevant in deciding whether Diamond Ranch is an innkeeper.

Importantly, neither Plaintiffs' Complaint nor their Response explains the legal basis of their innkeeper liability claim. Federal and state courts in Utah have mentioned that an innkeeper owes their guests a duty of reasonable care.[38] However, there does not appear to be Utah case law establishing that "innkeeper liability" is a separate and distinct claim from negligence.[39] Instead, there appears to be a subset of caselaw for negligence claims where courts analyze the duty of care innkeepers have to their guests.[40] However, Plaintiffs' innkeeper-liability claim will not be construed as a negligence claim because Plaintiffs' complaint has plead (at least) three other negligence claims, and construing Plaintiffs' innkeeper-liability claim as a negligence claim would be redundant.

There are scenarios where the IRA's definitional section could be persuasive authority in determining whether a defendant was an innkeeper under Utah law, but a claim needs a common

---

[37] Utah Code Ann. § 29-2-103(1)-(2).

[38] *Licari v. Best W. Int'l, Inc.*, No. 2:11-CV-603, 2013 WL 3716523, at *3 (D. Utah July 12, 2013) ("Under Utah law, an innkeeper owes her guests a duty of reasonable care as to the safety of the premises."); *Moore v. James*, 297 P.2d 221, 223 (Utah 1956) ("We prefer to follow the long established doctrine that the duty of the innkeeper is to keep his hotel premises in a reasonably safe condition for his guests and that he must exercise reasonable care to protect his guests from personal injury, and not to make the innkeeper an insurer of his guests' safety."); *Carpenter v. Syrett*, 104 P.2d 617, 619 (Utah 1940) ("An innkeeper is not an insurer of the safety of his guests but owes to them ordinary care to see that the premises assigned to them are reasonably safe for their use and occupancy.").

[39] *Moore v. James*, 297 P.2d 221, 222 (Utah 1956) ("Our Utah decisions involving the innkeeper and guest relationship were presented on a negligence theory only[.]") (citing *Carpenter v. Syrett*, 104 P.2d 617 (Utah 1940); *Moore v. Miles*, 158 P.2d 676 (Utah 1945); *Brooks v. Utah Hotel Co.*, 159 P.2d 127 (Utah 1945)).

[40] *Mitchell v. Pearson Enterprises*, 697 P.2d 240, 243 (Utah 1985) ("An innkeeper is not an insurer of the safety of its guests but owes to them ordinary care to see that the premises assigned to them are reasonably safe for their use and occupancy. In the exercise of ordinary care, the amount of caution required will vary with the nature of the act and the surrounding circumstances.").

law or statutory basis in order to be asserted. Otherwise, a defendant would not have "fair notice of what the claim is and the grounds upon which it rests."[41] Therefore, Plaintiffs' innkeeper-liability claim is dismissed because they have not provided any legal basis for their claim.

### ii. Plaintiffs' innkeeper liability claim is also dismissed because Diamond Ranch is not an innkeeper

Plaintiffs also argue their innkeeper liability claim should not be dismissed because: (1) Rule 8(e) requires that courts construe pleadings broadly in the interests of justice;[42] and (2) it was necessary for Plaintiffs to plead that there was an innkeeper-guest relationship because there is only an affirmative duty to act if there is a special relationship between the plaintiff and defendant.[43]

Federal Rule of Civil Procedure 8(e) does not save Plaintiffs. The rule only requires that "[p]leadings must be construed so as to do justice." However, Rule 8(e) does not require a court to recognize claims that are unsupported by applicable law.

Plaintiffs' argument that they were forced to plead an innkeeper-guest relationship is not correct.[44] Specifically, in *Webb v. University of Utah*, the Utah Supreme Court lists a series of special relationships where a defendant has an affirmative duty to act, such as "common carrier to its passenger, innkeeper and guest, landowner and invitees to his land, and one who takes custody of another."[45] Plaintiff did not argue or plead that one of these special relationships

---

[41] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023) (internal quotation marks omitted) (citations omitted) (internal alterations omitted).

[42] Plaintiffs' Response, at 11.

[43] *Id.*

[44] *Id.* at 10-11.

[45] *Webb v. Univ. of Utah*, 125 P.3d 906, 909, (Utah 2005), *overruled on other grounds by*, *Cope v. Utah Valley State Coll.*, 342 P.3d 243 (Utah 2014) (holding the public duty doctrine did not bar the plaintiffs' negligence claim against the government actor despite the absence of a special relationship); *see also Beach v. Univ. of Utah*, 726 P.2d 413, 415 (Utah 1986) ("[E]xamples of special relationships include common carriers and passengers, employers and

existed between Diamond Ranch and Taylor that required Diamond Ranch to take affirmative action to protect Taylor.

Plaintiffs' innkeeper liability claim is also dismissed because Diamond Ranch is not an innkeeper. Diamond Ranch is not an innkeeper because its business was that of a boarding school that provided education and treatment to youths between the ages of 12 and 18. Black's Law Dictionary defines innkeeper as: "Someone who, for compensation, keeps open a public house for the lodging and entertainment of travelers."[46] Plaintiffs' argument that boarding schools are innkeepers fails. A company may offer room and board as a service without being an innkeeper. For example, hospitals, apartment complexes, and retirement homes all offer room and board, and these types of companies are not innkeepers in the common and ordinary sense the term "innkeepers" is used. These businesses are distinguishable from innkeepers because the primary purpose of these businesses is *not* to provide temporary lodging for travelers. Illinois and Virginia courts have held that boarding schools and college dormitories are not hotels, inns, or boarding houses.[47]

Plaintiffs' innkeeper liability claim is dismissed.

### 3.  Plaintiffs' educational negligence claim is dismissed because Plaintiffs failed to establish that Utah recognizes educational negligence claims and failed to plead sufficient facts for two essential elements for negligence claims

Plaintiffs' Complaint alleges that Diamond Ranch committed educational negligence by: (1) failing to provide proper educational care to Taylor; (2) fostering a culture of distrust and

---

employees, owners and invitees, and parents and children. Other situations involve innkeepers and their guests, and possessors of land and their guests.").

[46] INNKEEPER, Black's Law Dictionary (11th ed. 2019).

[47] *Northwestern University v. City of Evanston*, 582 N.E.2d 1251, 1257 (Ill. App. Ct. 1st Dist. 1991) (concluding dining halls and sleeping facilities used by universities are educational facilities and not subject to hotel taxes); *Talbott v. Southern Seminary*, 109 S.E. 440, 441 (Va. 1921) (concluding a boarding school was not a boarding house).

12

shame at Diamond Ranch; (3) failing to provide constant care from a family practitioner; and (4) failing to allow Taylor to talk to her parents on December 13, 2022.[48] Diamond Ranch argues the claim should be dismissed because the Complaint does not allege that Diamond Ranch was responsible of educating Taylor or that Diamond Ranch failed to provide Taylor an education or denied Taylor access to an education.[49] In response, Plaintiffs argue education institutions have a custodial duty to protect students when children are in their custody.[50]

### i. Plaintiffs' educational negligence claim is dismissed because Plaintiffs failed to establish that Utah recognizes educational negligence claims

Plaintiffs' educational negligence claim is dismissed because they did not cite to any legal authority in their Complaint or Response that establishes that Utah recognizes education negligence claims.[51] To be clear, Utah recognizes general negligence claims, and Plaintiffs asserted two other negligence claims against Diamond Ranch in their Fourth Amended Complaint that focused on Taylor's medical care at Diamond Ranch.[52] However, Plaintiffs do not provide any legal authority that an education institution is liable for negligence because the institution poorly educated its students.[53] Similarly, they do not provide any authority indicating that an education institution has special duties to foster a culture of trust and respect, provide constant care from a family practitioner, and allow a student to talk to her parents. Plaintiffs' educational negligence claim is dismissed under Rule 12(b)(6) because they did not "state a claim that is plausible on its face[.]"[54]

---

[48] Fourth Amended Complaint, at 15-16.

[49] Diamond Ranch's Motion to Dismiss, at 4.

[50] Plaintiffs' Response, at 12.

[51] Fourth Amended Complaint, at 15-16; Plaintiffs' Response, at 12.

[52] Fourth Amended Complaint, at 13-14, 16-17.

[53] *Id.* at 15-16; Plaintiffs' Response, at 12.

[54] *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018).

> ii. **Plaintiffs' educational negligence claim is also dismissed because Plaintiffs failed to plead facts that suggest Diamond Ranch breached its duty by providing Taylor Goodridge a poor education**

Even if Utah recognized education negligence claims, Plaintiffs' education negligence claim would still be dismissed because Plaintiffs failed to plead facts that suggest Diamond Ranch breached its duty by providing Taylor with a poor education. To assert a successful negligence claim, a plaintiff must establish that "(1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, and (3) the breach was the proximate cause of (4) plaintiff's injuries or damages."[55] Diamond Ranch had a duty of care to Taylor because Taylor was a child in Diamond Ranch's custody.[56] Education institutions owe students the same "duty of protection" that parents have to their own children.[57] However, Plaintiffs do not provide any argument that suggests an education institution breaches its duty and is liable for negligence by providing its students a poor education. Therefore, Plaintiffs' education negligence claim is also dismissed on this ground.

> iii. **Plaintiffs' educational negligence claim is also dismissed because Plaintiffs failed to plead facts that suggest Diamond Ranch's poor education standards were the proximate cause of Taylor's death**

Plaintiffs' educational negligence claim is also dismissed because they failed to plead facts that establish Diamond Ranch's alleged poor education practices were the proximate cause of Taylor's death. The proximate cause element of a negligence claim "requires the plaintiff to show that the alleged breach, in natural and continuous sequence, unbroken by an efficient intervening cause, produce[d] the injury and that without the alleged breach the result would not

---

[55] *B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 230 (Utah 2012).

[56] *Young v. Salt Lake City Sch. Dist.*, 52 P.3d 1230, 1233 (Utah 2002) ("Indeed, when a school has custody of a child, it acts as a substitute for the student's parents or guardian and has a custodial duty of protection.").

[57] *Young*, 52 P.3d at 1233.

have occurred."[58] The facts in Plaintiffs' Complaint, taken as true, permit a reasonable inference to be drawn that Diamond Ranch's failure to provide adequate medical support caused Taylor's death. However, there is nothing in the Complaint that suggests Diamond Ranch's education curriculum was the proximate cause of Taylor's death. Plaintiffs' education negligence claim is dismissed because Plaintiffs failed to plead sufficient facts that plausibly suggest Diamond Ranch's education curriculum was the proximate cause of Taylor's death.

### 4. Diamond Ranch's request for an extension of time to file an Answer to Plaintiffs' Fourth Amended Complaint is granted

Defendant's Motion requests the Court to toll the time for Diamond Ranch to file an Answer until after the Court enters its order on the Motion to Dismiss. Diamond Ranch's request is granted, and Diamond Ranch shall file their Answer to Plaintiffs' Fourth Amended Complaint within 28 days of the filing of this Memorandum Order and Decision.

### ORDER

Diamond Ranch's Motion to Dismiss Plaintiffs' false imprisonment claim, innkeeper liability, and educational negligence claim is GRANTED.[59] Additionally, Diamond Ranch's request to toll the time for them to file an Answer to Plaintiffs' Fourth Amended Complaint is GRANTED. Diamond Ranch shall file their Answer to Plaintiffs' Fourth Amended Complaint within 28 days of this Memorandum Order and Decision being filed.

Signed May 17, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[58] *Ruiz v. Killebrew*, 459 P.3d 1005, 1008 (Utah 2020).

[59] Defendant Diamond Ranch Academy, Inc.'s Fed. R. Civ. P. 12(B)(6) Motion for Partial Dismissal of Plaintiff's Complaint, docket no. 63, filed August 24, 2023.