Alissa Owen (9078) (aowen@deseretmgt.com)
J. David Pearce (8404) (pearced@deseretmgt.com)
DESERET DIGITAL MEDIA, INC.
P.O. BOX 45654
SALT LAKE CITY, UTAH 84145

Attorneys for Non-Party Deseret Digital, Incl. (KSL.com)

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFRIES L. GOODRIDGE, individually and as the natural father and personal representative of the Estate of TAYLOR GOODRIDGE, deceased, and AMBERLYNN WIGTION, individually and as the natural mother of TAYLOR GOODRIDGE, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND RANCH ACADEMY, INC., a Utah corporation; BIG SPRINGS PROPERTIES, LLC a Utah limited liability company; DANNY WORWOOD, M.D., a resident of Utah; BROOKS WILEY, FPMHNP-BC, a resident of Utah; and CAMERON HUGHES, R.N., a resident of Utah, | **OBJECTION TO SUBPOENA DUCES TECUM**<br><br>Case No. 4:22-cv-00102-DN-PK<br><br>District Judge Dennis Nuffer<br><br>Magistrate Judge Paul Kohler |

Pursuant to Rules 45(d)(2)(B) and 45(e)(2) of the Federal Rules of Civil Procedure, non-party Deseret Digital Media, Inc., as operator of KSL.com ("KSL") hereby objects to the

subpoena duces tecum ("Subpoena") dated July 15, 2024, directed at KSL by Defendant Diamond Ranch Academy, Inc., ("Diamond Ranch") in the above-captioned action.[1]

### OBJECTION

KSL operates the news website KSL.com, which is a digital news entity and website with a focus on local and breaking news. The site is the largest purveyor of local news in the state of Utah. It employs numerous reporters and editors in pursuit of its newsgathering objectives.

The Subpoena seeks such items as all documents, records and notes of KSL reporters, non-aired versions of stories by KSL, and notes from reporters' interviews. Specifically, the Subpoena calls for

> "Any and **all documents, records, notes**, recordings, etc., including but not limited to audio and/or video recordings; newscasts including aired **and non-aired versions**; articles published in digital and/or paper format; **notes from interviews, including handwritten notes and/or audio/video notes; audio and/or video recordings of interviews of employees and/or former employees of Diamond Ranch Academy**, Inc., and/or any other person interviewed regarding the matter, including but not limited to Rachel Goodrich; as it relates to Taylor Goodridge's death on December 20, 2022 in Hurricane, Utah and her parents Dean Jeffries L. Goodridge and Amberlynn Wigtion." (Paragraph 1, Page 2 of Subpoena.) (emphasis added).

The communications subpoenaed were conducted as part of KSL's journalists' newsgathering activities in reporting on the incident that is the subject of KSL article(s).

KSL objects to the Subpoena because it calls for unpublished newsgathering material that is privileged under the First Amendment to the United States Constitution and violates Utah rule of Evidence 509.

---

[1] The Subpoena is directed at "KSL.com," which is not the correct legal entity. It should be Deseret Digital Media.

2

      I.      The First Amendment Precludes KSL from Disclosing Unpublished Newsgathering Materials.

The United States Supreme Court has held that "without some protection for seeking out the news, freedom of the press could be eviscerated." *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). Since Branzburg, numerous state and federal courts have recognized a qualified First Amendment privilege protecting journalists from compelled disclosure of information acquired in the course of gathering the news. *See, e.g., Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993). *See also, Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 437 (10th Cir. 1977); *Bottomly v. Leucadia Nat'l Corp.*, No. 94-C-590 B, 1996 WL 560188, at *2 (D.Utah July 2, 1996); *Gonzalez v. NBC*, 194 F.3d 29, 32 (2nd Cir. 1999); *Re/Max Int'l, Inc. v. Century 21 Real Estate Corp.*, 846 F.Supp. 910, 9111-12 (D. Colo. 1994); *Miami Herald Publ'g Co. v. Morejon*, 561 So.2d 577, 579-82 (Fla. 1990); *Mitchell v. Superior Court*, 690 P.2d 625, 632 (Cal 1984) (en banc); *United States v. LaRouche Campaign*, 841 F.2d 1176, 1182 (1st Cir. 1988); *LaRouche v. Nat'l Broad*, Co., 780 F.2d 1134, 1139 (4th Cir. 1986); *Zerilli v. Smith*, 656 F.2d 705, 710-12 (D.C. Cir. 1981); *United States v. Cuthbertson*, 630 F.2d 139, 146 (3rd Cir. 1980); *Farr v. Pitchess*, 522 F.2d 464, 467 (9th Cir. 1975); *In re Letellier*, 571 A.2d 722, 726 (Me. 1990).

The reporter's privilege "reflects a paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters," and safeguards journalists' autonomous "selection and choice of material for publication." *United States v. Marcos*, No. SSSS 87 Cr. 598 (JFK), 1990 WL 74521, at *2 (S.D.N.Y. June 1, 1990) (internal quotations omitted); *see also, Shoen*, 5 F.3d at 1292 ("[T]he [reporter's] privilege is a recognition that society's interest in protecting the

integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest of sufficient importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.'" (internal quotations omitted)).

Notably, the privilege applies not only to confidential sources, but also to unpublished newsgathering information, as the compelled disclosure of such information intrudes upon the constitutionally protected editorial role of the media. *See, e.g., Re/Max Int'l*, 846 F.Supp. at 911-12 (nonconfidential published information in newspaper articles); *Parsons v. Watson*, 778 F.Suupp. 214, 218 (D. Del. 1991) (same); *United States v. Blanton*, 534 F. Supp. 295, 296 (S.D. Fla. 1982) (same); *Blum v. Sehlegel*, 150 F.R.D. 42, 44 (W.D.N.Y. 1993) (reporter's tape recording of nonconfidential interview); *Gonzales*, 194 F.3d at 29 (nonconfidential videotape interview outtakes); *United States v. Bingham*, 765 F. Supp. 954, 957 (N.D. Ill 1991) (same); Marcos, 1990 WL 74521, at *1-4 (same).

As one court put it, the "distinction [between nonconfidential and confidential sources] is irrelevant to the chilling effect enforcement of the subpoena would have on the flow of information to the press and public." *Blanton*, 534 F.Supp. at 297. "The[] contention that the discovery is outside of First Amendment concern because it does not seek to identify confidential sources is a total misconception of the scope of the free press interest. Regardless whether they seek confidential sources, they seek to examine the reportorial and editorial processes." *In re Application of Consumers Union*, 495 F.Supp. 582, 586 (S.D.N.Y. 1980).

A contrary rule would threaten administrative and judicial interference with the newsgathering and editorial processes, portray journalists negatively as "an investigative arm of the judicial system or research tool of government or of a private party", "provide a disincentive

to compilation and preservation of non broadcast material", and "burden . . . journalists' time and resources in responding to subpoenas." *LaRouche Campaign*, 841 F.2d at 1182 (internal quotations omitted). *See also, Shoen*, 5 F.3d at 1295 ("If perceived as an adjunct of the police or of the courts, journalists might well be shunned by persons who might otherwise give them information without a promise of confidentiality, barred from meetings which they would otherwise be free to attend and to describe, or even physically harassed if, for example, observed taking notes or photographs at a public rally." (internal quotations omitted)).

Accordingly, the reporter's privilege established by the First Amendment precludes KSL's need to respond to the Subpoena.

To overcome the qualified First Amendment privilege, a party seeking such information must generally show the information (a) is not available from any other source; (b) goes to the heart of the matter, i.e., is relevant, material and non-cumulative; and (c) is crucial – not merely helpful – to a party's case. *Shoen*, 5 F.3d at 1296 & n. 14.

Defendant Diamond Ranch Academy has not and simply cannot meet these requirements, particularly where they have requested ALL materials held or prepared by KSL. As such, the Subpoena violates the First Amendment, should be quashed and KSL need not respond.

    II.    **Utah Rule of Evidence 509 Precludes Discovery of KSL's Newsgathering Work Product.**

Utah Rule of Evidence 509 serves as a second, independent basis for KSL's objection.[2] Rule 509 provides broad protection for news reporters, including nearly absolute protection for

---

[2] *Wood v. Farmington City*, No. 2:10-CV-933-DB-PMW, 2011 WL 5834430, at *2 (D. Utah Nov. 21, 2011) (recognizing reporter's privilege and applying *Silkwood* factors without reference to Rule 509).

confidential source information and qualified protection for non-confidential newsgathering information. Rule 509 was enacted by the Utah Supreme Court[3] in 2008 to dispel any doubt as to whether Utah recognizes the reporter's privilege.[4] Under Rule 509, a reporter may be compelled to disclose confidential source information only when "the person seeking the information demonstrates by clear and convincing evidence that disclosure is necessary to prevent substantial injury or death." Utah R. Evid. 509(b). If unpublished information is confidential, the party seeking the information must demonstrate a need "for that information that substantially outweighs the interest of a continued free flow of information to news reporters." *Id.* 509(c). For nonconfidential, unpublished news information, the person claiming the privilege must demonstrate "that the interest of a continued free flow of information to news reporters outweighs the need for disclosure." *Id.* 509(d).

The threat to freedom of the press posed by subpoenas like the one issued by Diamond Ranch, which seeks to turn KSL's journalists into its "unwilling investigative agents," has been recognized as "the most serious contemporary threat to freedom of the press in Utah."[5] Such subpoenas risk erosion of an independent press, deterioration of reporter-source relationships, and a slowing of the free flow of information to the public about issues of public concern.[6] Against this compelling interest, Diamond Ranch has only its private interest in utilizing KSL's

---

[3] Under the Utah Constitution, the Utah Supreme Court is given primary authority for enacting rules of evidence. Utah Const. art. VIII, § 4.
[4] "The committee proposed this rule to address any uncertainty that may exist under Utah law and to provide for uniformity in the recognition of the privilege by Utah courts." Utah R. Evid. 509 original advisory committee note.
[5] Edward L. Carter, Reporter's Privilege in Utah, 18 BYU J. Pub. L. 163, 163 (2003).
[6] *Id.* (citing *State v. Koolmo*, No. 981905396 (Utah 3d Dist. Ct. Mar. 29, 1999) (Judge Robert K. Hilder) (granting motion to quash subpoena)).

work product instead of conducting its own investigation.[7] That is not an interest or need worthy of protection.

## CONCLUSION

Because the Subpoena violates the First Amendment of the United States Constitution and Rule 509 of the Utah Rules of Evidence, KSL should not be required to comply with, or respond to, the Subpoena and it should therefore be quashed.

DATED this 29th day of July 2024.

                                                       KSL.COM

                                                     /s/ David Pearce
                                                   J. David Pearce
                                                   Alissa R. Owen

                                                   Attorneys for Non-Party KSL.com

---

[7] On July 18, 2024, counsel for a related company attempted to contact counsel for Diamond Ranch by phone to ascertain whether Diamond Ranch had any specific need for the subpoenaed documents and was directed by counsel's voicemail message to leave a telephone message, which she did. No one returned her call.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will provide a copy by electronic mail to all counsel of record.

KSL.COM

/s/ David Pearce
J. David Pearce
Alissa R. Owen

Attorneys for Non-Party KSL.com