THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as the Natural Father and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased, and AMBERLYNN WIGTION, Individually and as the Natural Mother of TAYLOR GOODRIDGE, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC. a Utah corporation; BIG SPRINGS PROPERTIES, LLC, a Utah limited liability company; DANNY WORWOOD, M.D., a resident of Utah; BROOKS WILEY, FPMHNP-BC, a resident of Utah; and CAMERON HUGHES, R.N., a resident of Utah,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING BIG SPRINGS PROPERTIES' MOTION TO DISMISS**<br><br>Case No. 4:22-cv-000102-DN<br><br>District Judge David Nuffer |

Plaintiffs Dean Jeffries L. Goodridge and Amberlynn Wigtion ("the Parents") assert three claims against Defendant Big Springs Properties, LLC ("Big Springs") for Premises Liability, Child Abuse, and Negligence, which relate to the death of their daughter at Diamond Ranch Academy ("Diamond Ranch").[1] Big Springs filed a Motion to Dismiss seeking the dismissal of all three of the Parents' claims.[2] The Parents filed a Response in opposition to Big Springs'

---

[1] Fourth Amended Complaint ("Complaint") ¶¶ 70–73, 79–96 at 10–14, docket no. 43, filed Aug. 3, 2023.

[2] Defendant Big Springs Properties, LLC's Motion for Dismissal of Plaintiffs' Complaint ("Big Springs' Motion") docket no. 62, filed August 24, 2023.

Motion.³ Big Springs did not file a Reply. Based on the filings and evidence in the record Big Springs' Motion is GRANTED.

**Contents**

BACKGROUND .................................................................................................................... 2
LEGAL STANDARD............................................................................................................ 3
DISCUSSION ........................................................................................................................ 4
      1.    Plaintiffs' Premises Liability claim against Big Springs is dismissed................... 4
      2.    Plaintiffs' Child Abuse claim against Big Springs is dismissed............................ 6
      3.    Plaintiffs' Negligence claim against Big Springs is dismissed ............................. 7
      4.    Plaintiffs' Negligence claim against Big Springs is dismissed........................... 11
CONCLUSION.................................................................................................................... 14

## BACKGROUND

Diamond Ranch was a residential treatment center and therapeutic boarding school in Hurricane, Utah, for troubled youths between the ages of 12 and 18.⁴ Diamond Ranch's staff included licensed physicians and healthcare providers.⁵ At the age of seventeen, Taylor Goodridge ("Taylor") was placed in Diamond Ranch by her parents in or around October 2021.⁶ On December 9, 2022, Taylor reported to Diamond Ranch's medical staff that she was experiencing back pain and that she was having difficulty breathing.⁷ Taylor begged staff to take her to the hospital, but her repeated requests were denied.⁸ Later, Taylor died of sepsis.⁹

Plaintiffs assert three claims against Big Springs for Premises Liability, Child Abuse, and Negligence, arising from the death of Taylor Goodridge while she attended Diamond Ranch.¹⁰

---

³ Plaintiffs' Memorandum Opposing Big Springs Properties Rule 12(b) Motion to Dismiss ("Parents' Response") docket no. 77, filed September 13, 2023.

⁴ Complaint ¶11 at 3.

⁵ Complaint ¶13 at 4.

⁶ Complaint ¶26 at 5.

⁷ Complaint ¶30 at 6.

⁸ Complaint ¶¶41, 47 at 7-8.

⁹ Complaint ¶52 at 8.

¹⁰ Complaint ¶3 at 2.

Big Springs is the property owner of the premises where Diamond Ranch operated its residential treatment center. Plaintiffs' Complaint does not allege that Big Springs had any role in Taylor Goodridge's treatment.[11]

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "[A]ll well-pleaded factual allegations in [the] complaint [are accepted] as true, and . . . [are] view[ed] in the light most favorable to the [plaintiff]."[14]

"Plaintiffs need not provide detailed factual allegations, but they must allege enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests."[15] "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[16]

---

[11] Big Springs' Motion at 2; Complaint at 10-14.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citations omitted).

[13] *Id.* (citations omitted).

[14] *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 1:22-cv-00167-RJS-DAO, 2023 WL 4238454, at *2 (D. Utah June 28, 2023) (citing *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021)).

[15] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023) (internal quotation marks omitted) (citations omitted) (internal alterations omitted).

[16] *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1280 (10th Cir. 2023) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

## DISCUSSION

Plaintiffs' Complaint alleges Big Springs is liable for: (1) Premises Liability for violating its duties to Taylor as a business invitee on land;[17] (2) Child Abuse and neglect for violating its duty of care to Taylor;[18] and (3) Negligence for manifesting a knowing and reckless indifference and for failing to exercise reasonable care in its treatment and supervision of Taylor.[19] Big Springs argues the three claims should be dismissed because it did not owe Taylor any duty or breach any duty to Taylor.[20] In response, the Parents argue that Big Springs is personally and vicariously liable, as the owner of the property, for the actions that led to Taylor's death.[21]

### 1. Plaintiffs' Premises Liability claim against Big Springs is dismissed

Big Springs argues that the Complaint does not contain any allegation that Big Springs had any role or responsibility for Taylor's death, and there are no allegations that Taylor's death was caused by a condition on the property.[22] In response, Plaintiffs argue that: (1) the owner of the premises has a non-delegable duty to invitees from obviously harmful activities on the property;[23] (2) the duty arises when "the business owner knows, or should know, that [such] acts

---

[17] Complaint ¶¶71–72 at 10 ("Taylor Goodridge was a business invitee upon [Diamond Ranch's] and Big Springs Properties' premises and was owed duties of care by DRA and Big Springs Properties to care for her wellbeing. [Diamond Ranch] and Big Springs Properties in failing to treat Taylor, punishing her for complaining, withholding medical care (even a heating pad), and restricting all communications with her parents and the outside world, violated the duties owed to Taylor.").

[18] *Id.* ¶81 at 12.

[19] *Id.* ¶90 at 13.

[20] Big Springs' Motion at 2-4.

[21] Parents' Response at 4.

[22] Big Springs Motion at 2-3. Courts in Utah have implied that a premises liability claim is synonymous with a negligence claim. *MacFarlane v. Applebee's Rest.*, 378 P.3d 1286, 1288 (Utah Ct. App. 2016) (implying that a premise liability claim is synonymous with a negligence claim by stating the legal standard for negligence in the section of the opinion analyzing premise liability). However, this opinion will analyze Plaintiffs' premises liability claim and negligence separately to reflect the Plaintiffs' Complaint and the parties' briefs.

[23] Parents' Response at 4.

[of third-persons] are likely to occur";[24] (3) Big Springs and Diamond Ranch are owned by the same person, Mr. Dias;[25] (4) Mr. Dias had knowledge of what was occurring on the property and did nothing to protect Taylor Goodridge;[26] and (5) Big Springs owed Taylor duties based on these facts, and these duties were violated.[27]

> Under a theory of premises liability:
>
> [a] possessor of land may be subject to liability for injuries to invitees caused by a condition on the land if, but only if, she"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that [the invitees] will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."[28]

Plaintiffs allege their Premises Liability claim is supported by the fact that Big Springs and Diamond Ranch failed to treat Taylor, punished her for complaining, and withheld medical care from her.[29] Plaintiffs' Premises Liability claim against Big Springs fails because: (1) Big Springs was not a possessor of the land where Diamond Ranch operated; and (2) the alleged negligence of Big Springs or Diamond Ranch staff is not a "condition on the land" that Big Springs should realize involves an unreasonable risk of harm to invitees. Big Springs is merely the owner of the

---

[24] Parents' Response at 5.

[25] Parents' Response at 5.

[26] Parents' Response at 5-6.

[27] Parents' Response at 6.

[28] *Lyman v. Solomon*, 258 P.3d 647, 648 (Utah App. 2011) (quoting *Hale v. Beckstead,* 116 P.3d 263, 266 (Utah 2005)).

[29] Complaint at 10 (In support of their premise liability claim Plaintiffs allege: "DRA and Big Springs Properties in failing to treat Taylor, punishing her for complaining, withholding medical care (even a heating pad), and restricting all communications with her parents and the outside world, violated the duties owed to Taylor.").

5

buildings that Diamond Ranch used as a residential treatment center, and Taylor was the invitee of Diamond Ranch, not Big Springs as Plaintiffs allege.[30]

Plaintiffs argue: "The owner of a premises has a nondelegable duty to keep her premises reasonably safe for business invitees."[31] Plaintiffs reason that owners of property have a duty to protect business invitees from obviously harmful activities on their property, and they cite *Rodriguez v. Kroger Co.* to support their position.[32] *Rodriguez v. Kroger Co.* is materially distinguishable from this case because Kroger was not only the owner but also the possessor of the grocery store where the plaintiff slipped and hurt herself, and the plaintiff was the grocery store's invitee.[33] In contrast, Taylor Goodridge was not an invitee of Big Springs, and Big Springs was not in possession of the land when Taylor's death occurred. Big Springs' motion to dismiss is granted on the Premises Liability claim because Plaintiffs failed to plead facts to support essential elements for this claim. Plaintiffs do not allege that a condition on the premises caused Taylor Goodridge's injury.

### 2. Plaintiffs' Child Abuse claim against Big Springs is dismissed

Big Springs argues that Plaintiff's Child Abuse claim should be dismissed because there is no accusation or claim that Big Springs had any interaction with Taylor Goodridge.[34] In response, Plaintiffs argue that it plead a viable Child Abuse claim against Big Springs under Utah law.[35] Plaintiffs' Complaint asserts a Child Abuse claim citing four statutes to support its

---

[30] Complaint ¶5 at 2 ("[Big Springs Properties] is the property owner of the premises where the [Diamond Ranch] is located. . . . [Diamond Ranch] invites parents, including Native American parents, to bring their children who are struggling with emotional and addiction issues, for treatment and care.").

[31] Plaintiffs' Response at 4 (quoting *Rodriguez v. Kroger Co.,* 422 P.3d 815, 821 (Utah 2018)).

[32] Plaintiffs' Response at 4-5.

[33] *Rodriguez v. Kroger Co.,* 422 P.3d 815, 821 (Utah 2018).

[34] Big Springs' Motion at 3-4.

[35] Plaintiffs' Response at 4.

6

claim.[36] None of these four statutes establish or suggest that Utah recognizes a Child Abuse claim that can be remedied by damages.[37] Plaintiffs did not cite any case law where a party recovered damages for Child Abuse on the basis of any of these statutes. Furthermore, even if Utah did recognize a Child Abuse claim, Plaintiffs did not allege that Big Springs' personnel interacted with Taylor in any way. Big Springs' Motion to Dismiss Plaintiffs' Child Abuse claim is granted.

### 3. Plaintiffs' Negligence claim against Big Springs is dismissed

Plaintiffs allege their Negligence claim against Big Springs is supported by the fact that: (1) Diamond Ranch had a special relationship and was acting in *loco parentis* with Taylor pursuant to common law and Utah Code Ann. § 80-1-102 (1)(50);[38] (2) Diamond Ranch and Big Springs are owned by Robert Dias;[39] and (3) Big Springs owed duties of care to the students it invited to its property because of the knowledge of the joint owner, Robert Dias.[40] Big Springs argues that the Parents' negligence claim should be dismissed because Big Springs did not owe Taylor Goodridge a duty.[41]

---

[36] Complaint ¶¶79-87 at 12-13.

[37] These four statutes: define the meaning of the term "legal custody", Utah Code Ann. § 80-1-102 (1)(50); contain a general public policy of Utah that children should be free from abuse and neglect, Utah Code Ann. § 80-2a-201(2); state that a congregate care program, such as Diamond Ranch Academy, may not abuse or neglect a child, Utah Code Ann. § 62A-2-123(1)(o)-(p); and contain the legal definition for the term "neglect." Utah Code Ann. § 80-1-58(a)(iii).

[38] Complaint ¶¶88-96 at 13-14. This statute defines the term "legal custody" as: "(a) the right to physical custody of the minor; (b) the right and duty to protect, train, and discipline the minor; (c) the duty to provide the minor with food, clothing, shelter, education, and ordinary medical care; (d) the right to determine where and with whom the minor shall live; (e) the right, in an emergency, to authorize surgery or other extraordinary care." Utah Code Ann. § 80-1-102 (1)(50).

[39] Plaintiffs' Response at 5.

[40] Plaintiffs' Response at 5-6.

[41] Big Springs' Motion at 4.

The elements of a negligence claim are: "(1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[42] In a negligence case, " a duty is an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another."[43] The Utah Supreme Court has "identified several factors relevant to determining whether a defendant owes a duty to a plaintiff, including: (1) whether the defendant's allegedly tortious conduct consists of an affirmative act or merely an omission, (2) the legal relationship of the parties, (3) the foreseeability or likelihood of injury, (4) public policy as to which party can best bear the loss occasioned by the injury, and (5) other general policy considerations."[44]

Courts in Utah have further reasoned "[n]ot every factor is created equal, however."[45] The first factor "is perhaps the most fundamental factor courts consider when evaluating duty."[46] "Acts of misfeasance, or active misconduct working positive injury to others, typically carry a duty of care."[47] "Nonfeasance—passive inaction, a failure to take positive steps to benefit others, or to protect them from harm not created by any wrongful act of the defendant—by contrast, generally implicates a duty only in cases of special legal relationships."[48] The Utah Supreme Court has also explained that the second factor (i.e., special relationships) are "typically a 'plus factor'—used to impose a duty where one would otherwise not exist" and the "final three factors

---

[42] *Gables at Sterling Vill. Homeowners Ass'n, Inc. v. Castlewood-Sterling Vill. I, LLC*, 417 P.3d 95, 110 (Utah 2018) (citations omitted).

[43] *B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 230 (Utah 2012).

[44] *Id.*

[45] *B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 230 (Utah 2012).

[46] *Id.* at 231.

[47] *Id.*

[48] *Id.*

8

are typically 'minus' factors—used to eliminate a duty that would otherwise exist."[49] "Special relationships arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection. Traditional examples include [duties of a] common carrier to its passenger, [duties of an] innkeeper [to a] guest, [duties of a] landowner [to] invitees to his land, and [duties of] one who takes custody of another."[50]

Plaintiffs' negligence claim is dismissed because Plaintiffs' assertion that Robert Dias' status as a shareholder of Big Springs and Diamond Ranch created a special relationship and duty between Taylor and Big Springs is not correct.[51] In Plaintiffs' Complaint, Plaintiffs' only factual allegations against Big Springs are: (1) Big Springs are the property owner of the premise where Diamond Ranch is located;[52] and (2) Robert Dias is the principal of Big Springs.[53] These factual assertions are not sufficient to create a special relationship and duty between Big Springs and Taylor because Big Springs never assumed the responsibility for Taylor's safety or deprived her of the opportunity for self-protection.[54]

Plaintiffs' negligence claim also fails because, under Utah law, Big Springs was not the possessor of the land where the fatal incident occurred. Utah courts emphasize that: "Only a

---

[49] *Id.* at 230.

[50] *Id.* at 231.

[51] Plaintiffs' Response at 5. Additionally, Plaintiffs' Response contains the new assertion that Big Springs invited students on its property. This factual assertion does not appear in the Complaint and must be disregarded because the Court is reviewing a Motion to Dismiss. *Carter v. Daniels*, 91 F. App'x 83, 85 (10th Cir. 2004) ("When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint. The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint.").

[52] Complaint ¶5 at 2.

[53] Complaint ¶5 at 2.

[54] Plaintiffs' Response at 6; *see also B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 231 (Utah 2012) ("Special relationships arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection. Traditional examples include common carrier to its passenger, innkeeper and guest, landowner and invitees to his land, and one who takes custody of another.").

9

possessor of land has a duty to an invitee[.]"[55] The Utah Supreme Court has held that a possessor of land "must have the control necessary to undertake plenary care."[56] And "plenary care" is marked by "the right to exclude others from the property altogether and the right to take all necessary precautions and make necessary repairs."[57] Plaintiffs' Complaint does not assert any facts that suggest that Big Springs had the right to exclude others from the property, take all necessary precautions for the property, and make necessary repairs of the property.[58] Instead, Plaintiffs' Complaint contains facts that suggest that Diamond Ranch was the possessor of the land where the fatal incident occurred.[59]

Additionally, as discussed in Section 4 of this Opinion, Plaintiffs did not: (1) attempt to pierce Big Springs' corporate veil; or (2) allege sufficient facts for the Court to conclude that Big Springs and Diamond Ranch were Robert Dias' "alter ego" and their corporate veils should be pierced.

Furthermore, the factual assertions that are in Plaintiffs' Response, but not in Plaintiffs' Complaint are disregarded on a Motion to Dismiss.[60] Plaintiffs' Response states:

> Big Springs, as a property owner who *invited teenage students to its property*, owed duties of care towards those students – especially where Big Springs had

---

[55] *MacFarlane v. Applebee's Rest.*, 378 P.3d 1286, 1288 (Utah Ct. App. 2016) (implying that a premises liability claim and negligence claim are synonymous by stating the legal standard for negligence in the premise liability section).

[56] *MacFarlane v. Applebee's Rest.*, 378 P.3d 1286, 1289 (Utah Ct. App. 2016) (quoting *Hill v. Superior Prop. Mgmt. Servs., Inc.*, 321 P.3d 1054, 1059 (Utah 2013)).

[57] *Id*.

[58] Complaint at 3-18

[59] Complaint at 3-4, 9, 11 (stating Diamond Ranch operated a resident treatment center, invited parents to bring children to its facilities, employed physicians, detained Taylor without her consent, and acted as an innkeeper for Taylor).

[60] *Carter v. Daniels*, 91 F. App'x 83, 85 (10th Cir. 2004) ("If the court considers matters outside of the complaint, it should treat the motion as a motion for summary judgment, and not as a motion to dismiss. Failure to convert to a summary judgment motion and to comply with Rule 56 when the court considers matters outside the plaintiff's complaint is reversible error.")

> knowledge through the joint owner of DRA and Big Springs, of what was occurring at DRA and how Big Springs' business invitees were being treated.[61]

Plaintiffs did not make a similar allegation in their Complaint. Plaintiffs' Complaint does allege that Taylor was Big Springs invitee, but this incorrect assertion is a legal conclusion that need not be accepted as true.[62]

### 4. Plaintiffs' Negligence claim against Big Springs is dismissed

Plaintiffs did not specifically allege that: (1) the alter ego doctrine applied; and (2) the corporate veils of Big Springs and Diamond Ranch should be pierced. Instead, Plaintiffs alleged that Big Springs should be held "vicariously liable" for Diamond Ranch's negligence because Robert Dias is a principal of Diamond Ranch and Robert Dias is listed as the sole principal of Big Springs.[63] Plaintiffs' argument is construed as an assertion that the corporate veils of Big Springs and Diamond Ranch would be pierced and the "alter ego" doctrine applies. "If a party can prove its alter ego theory, then that party may 'pierce the corporate veil' and obtain a judgment against the individual shareholders even when the original cause of action arose from a dispute with the corporate entity."[64]

Corporations are normally regarded as separate legal entities from their stockholders "to insulate the stockholders from the liabilities of the corporation, thus limiting their liability to only the amount that the stockholders voluntarily put at risk."[65] "The alter ego doctrine is an

---

[61] Plaintiffs' Response at 5 (emphasis added).

[62] *Linton v. Comm'r of Internal Revenue*, 764 F. App'x 674, 679 (10th Cir. 2019) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]"); INVITEE, BLACK'S LAW DICTIONARY (12th ed. 2024) (The term "invitee" is defined as: "Someone who has an express or implied invitation to enter or use another's premises, such as a business visitor or a member of the public to whom the premises are held open.").

[63] Complaint at 2; *see also* Plaintiffs' Response at 2.

[64] *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635 (Utah 2012).

[65] *Jones & Trevor Mktg.*, 284 P.3d at 635.

exception to the general rule that limits stockholders' liability for obligations of the corporation."[66] Plaintiffs may also use the alter ego doctrine to obtain judgment against a corporation that is associated with the liable corporation.[67]

Utah Courts have adopted a two-prong test to determine when the alter ego doctrine applies:

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.[68]

"The first prong has been called the 'formalities requirement,' referring to the corporate formalities required by statute."[69] Significant factors courts consider under the first prong are:

> (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.[70]

"The second prong has been called the 'fairness requirement,' and it is addressed to the conscience of the court."[71] "Generally, [c]ourts must balance piercing and insulating policies and will only reluctantly and cautiously pierce the corporate veil."[72] "Ultimately, the decision to

---

[66] *Jones & Trevor Mktg.*, 284 P.3d at 635.

[67] *Salt Lake City Corp. v. James Constructors, Inc.*, 761 P.2d 42, 47 (Utah Ct. App. 1988) (analyzing whether the corporate veil should be pierced between a parent and subsidiary corporation).

[68] *Jones & Trevor Mktg.*, 284 P.3d at 635.

[69] *Jones & Trevor Mktg.*, 284 P.3d at 635.

[70] *d'Elia v. Rice Dev., Inc.*, 147 P.3d 515, 523 (Utah Ct. App. 2006).

[71] *Jones & Trevor Mktg.*, 284 P.3d at 635.

[72] *Jones & Trevor Mktg.*, 284 P.3d at 636.

pierce the corporate veil is a highly factual determination, and each case should be determined on its particular facts."[73]

Plaintiffs' Complaint does not contain sufficient facts to support their Negligence claim against Big Springs under an "alter ego" theory. While Plaintiffs allege that Robert Dias is a principal of Big Springs and Diamond Ranch,[74] this fact in isolation falls *well short* of the two-prong test to pierce the corporate veil articulated by the state of Utah. In other words, the Complaint does not contain facts that establish or suggest that: (1) Big Springs and Diamond Ranch are the alter ego of Robert Dias; and (2) the observance of the corporate form would promote injustice.

---

[73] *Jones & Trevor Mktg.*, 284 P.3d at 636.

[74] Complaint at 2, 7; *see also* Plaintiffs' Response at 5-7.

## CONCLUSION

IT IS HEREBY ORDERED that Big Springs' Motion to Dismiss is GRANTED. Plaintiffs' Count II for Premises Liability, Count IV for Child Abuse, and Count V for Negligence against Defendant Big Springs are DISMISSED with prejudice.

Signed January 8, 2025.

BY THE COURT

David Nuffer
United States District Judge