THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, individually and as the natural father and personal representative of the Estate of TAYLOR GOODRIDGE, deceased, and AMBERLYNN WIGTION, individually and as the natural mother of TAYLOR GOODRIDGE, deceased,<br><br>          Plaintiffs,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC., a Utah corporation; BIG SPRINGS PROPERTIES, LLC a Utah limited liability company; DANNY WORWOOD, M.D., a resident of Utah; BROOKS WILEY, FPMHNP-BC, a resident of Utah; and CAMERON HUGHES, R.N., a resident of Utah,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT WORWOOD'S MOTION TO DISMISS AND DISQUALIFY**<br><br>Case No. 4:22-cv-00102-DN-PK<br><br>District Judge David Nuffer |

### A. INTRODUCTION

Plaintiffs filed this case seeking damages arising out of the death of their daughter, Taylor Goodridge, who passed away at Diamond Ranch Academy in Hurricane, Utah.[1] They allege her death was a direct and proximate result of the various Defendants' mismanagement and neglect.[2]

---

[1] *See generally* Complaint, docket no. 2, filed December 30, 2022; *see also* Fourth Amended Complaint, docket no. 43, filed August 3, 2023.

[2] *See generally* Fourth Amended Complaint.

**Motion to Dismiss**

Defendant Danny Worwood, M.D. ("Worwood") filed a Motion to Dismiss and Disqualify ("Motion") seeking dismissal of Plaintiffs' Fourth Amended Complaint with prejudice.[3] Or, in the alternative, Worwood asks that Plaintiffs' counsel be disqualified from participation and from receiving any fee, and as a further alternative, that monetary sanctions be imposed.[4] Worwood's Motion seeks dismissal because Plaintiffs attached Utah's Division of Professional Licensing (the "Division") hearing panel's (the "Panel") "Notice of Panel Decision" (the "Panel Decision") to a motion and also disclosed the Panel Decision contents to the press,[5] both of which Worwood alleges violated Utah Code § 78B-3-416(1)(d).[6] The Panel Decision was issued by a prelitigation panel operating under the Utah Health Care Malpractice Act.[7]

In response, Plaintiffs argue that Worwood has mischaracterized Utah law; that the Panel Decision is not a part of the confidential "[p]roceedings" before the panel;[8] and that sanctions are not warranted.[9] In reply, Worwood argues that because the Panel Decision "includes the opinions and conclusions of the panel made *during* the proceedings" the confidentiality of proceedings extends to the Panel Decision.[10] Because the legislature has not extended the

---

[3] Motion at 2, 14–17, docket no. 94, filed May 30, 2024. The unredacted Motion docket no. 96, was filed under seal May 30, 2024.

[4] *Id.* at 2.

[5] *Id.* at 3-8, ¶¶ 5-7.

[6] *Id.* at 8.

[7] *See generally* Utah Code Ann. § 78B-3-401, et seq.

[8] *See* Utah Code Ann. § 78B-3-416(1)(d).

[9] [Plaintiffs'] Memorandum in Opposition to Motion to Dismiss and Disqualify, docket no. 99, filed June 13, 2024 ("Plaintiffs' Response").

[10] [Worwood's] Reply in Support of Motion to Dismiss and Disqualify at 7, docket no. 101, filed June 27, 2024 (emphasis in original) ("Worwood's Reply").

confidentiality protections given to the actual proceedings to the Panel Decision, Worwood's Motion is DENIED.

### Evidentiary Objection

Worwood's Reply is supported in part by his Declaration ("2024 Declaration").[11] Plaintiffs have objected to the use of the 2024 Declaration and argues that Dr. Worwood's declaration statements contradict his deposition taken on June 4, 2024 and a previous declaration filed in another case ("2015 Declaration").[12] In response, Worwood argues that the 2015 Declaration is instead the sham declaration, and that his 2024 Declaration is consistent with his deposition testimony.[13] These disputes are irrelevant to resolution of this Motion.

### Table of Contents

A.   INTRODUCTION ................................................................................................................ 1
        Motion to Dismiss............................................................................................ 2
        Evidentiary Objection ..................................................................................... 3
B.   BACKGROUND ................................................................................................................. 3
C.   DISCUSSION ...................................................................................................................... 5
    1.   The Panel Decision is not subject to protections afforded panel proceedings........ 6
        Worwood's arguments for statutory implication fail.................................. 7
        Plaintiffs have not used the Panel Decision as evidence in a civil action or
        irreparably tainted the jury pool................................................................ 9
    2.   Plaintiffs' Evidentiary Objection to Worwood's Declaration is irrelevant to
        resolution of the Motion................................................................................. 10
ORDER............................................................................................................................................. 10

### B.  BACKGROUND

On December 30, 2022, Plaintiffs Dean Jeffries L. Goodridge and Amberlynn Wigtion, individually and as personal representatives for the estate of Taylor L. Goodridge (collectively

---

[11] *Id.* at Exhibit B, docket no. 101-1, Exhibit B.

[12] Evidentiary Objection to Defendant Danny Worwood, M.D.'s Sham Affidavit and Evidence Presented, docket no. 106, filed July 25, 2024 ("Evidentiary Objection"); *see also Diamond Ranch Academy v. Filer*, Case No. 2:14-cv-00751, docket no. 71, filed September 29, 2015.

[13] Response to Plaintiffs' Evidentiary Objection to Defendant Danny Worwood, M.D.'s Sham Affidavit and Evidence Presented, docket no. 109, filed August 1, 2024 ("Worwood's Response to Evidentiary Objection").

referred to as "Plaintiffs") brought claims against only one defendant, Diamond Ranch Academy.[14] Under the Utah Health Care Malpractice Act, Plaintiffs also submitted their claims to the Division and on July 10, 2023 and the Division provided a "hearing panel."[15] The Panel issued its decision and its certificate of compliance on July 11, 2023.[16]

On July 12, 2023, before Worwood was made a party to this case, Plaintiffs filed their Motion for Leave to File a Fourth Amended Complaint ("Motion to Amend") to include Defendant Worwood and other medical personnel, and to add additional facts and causes of action against the additional defendants.[17] The Panel Decision was attached to the Motion to Amend to "demonstrate[] Plaintiffs have now complied with Utah Code Annotated, §§ 78B-3-401, *et seq.* . . . ."[18] The Motion to Amend was granted.[19]

On or before July 14, 2023, Plaintiffs began giving interviews to the press about the findings in the Panel Decision, and Plaintiffs' counsel issued a press release publishing the Panel Decision.[20] Worwood accepted service on August 21, 2023.[21] Worwood filed his Answer to the Fourth Amended Complaint on September 11, 2023.[22] This Motion was filed May 30, 2024, eight months later.[23]

---

[14] Complaint, docket no. 2, filed December 30, 2022.

[15] Motion at 2.

[16] *Id.*

[17] Motion for Leave to File a Fourth Amended Complaint ("Motion to Amend"), docket no. 40, filed July 12, 2023.

[18] Motion to Amend at 1–2.

[19] Memorandum Decision and Order Granting Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, docket no. 42, entered July 31, 2023.

[20] Motion at 2–8, 14–15; *see e.g.,* Motion, Exhibits B–C.

[21] Acceptance of Service, docket no. 52, filed August 21, 2023.

[22] Defendant Danny Worwood, M.D.'s Answer to Plaintiffs' Fourth Amended Complaint, docket no. 76.

[23] *Id.* at 14–17.

## C. DISCUSSION

Defendant Danny Worwood, M.D. seeks dismissal of Plaintiffs' Fourth Amended Complaint as a sanction for disclosure of the Panel Decision in violation of Utah Code § 78B-3-416.[24] Or, in the alternative, he seeks disqualification of Plaintiffs' counsel and sanctions. Fed. R. Civ. P. 37(b)(2)(A)(v) permits dismissal of an action or proceeding in whole or in part for the disclosure of documents that have a "claim of privilege or protection" under Rule 26(b)(5)(B).[25] A motion to dismiss a complaint in its entirety as a sanction should be used as a "weapon of last, rather than first, resort."[26] There are factors that the court must also consider before electing to dismiss a complaint with prejudice:

> '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant;' (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[27]

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction" or in cases of "willful misconduct."[28] Here, none of the factors are present because there has been no violation of the Utah Health Care Malpractice Act. Dismissal would not be warranted, so Worwood's Motion is DENIED.

---

[24] Motion at 16, 13–20; *see also* Utah Code Ann. § 78B-3-416(1)(d).

[25] Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed R. Civ. P. 26(f).

[26] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10th Cir.1988)) (internal citations omitted).

[27] *Id.*

[28] *Id.*

### 1. The Panel Decision is not subject to protections afforded panel proceedings.

"A plaintiff may not file a lawsuit for medical malpractice until he or she satisfies the prelitigation requirements of the Utah Health Care Malpractice Act,"[29] which requires participation in "a hearing before a prelitigation panel."[30] Utah Code § 78B-3-416(1)(d) provides: "*Proceedings* conducted under authority of this section are confidential, privileged, and immune from civil process."[31] This statute subsection is the foundation of Worwood's Motion based on his erroneous conclusion that the Panel Decision is part of the panel "proceedings." Section 78B-3-416(1)(d) does not identify the written opinion of a panel as confidential, privileged, and immune from civil process.

In *Munson v. Chamberlain*, the Utah Supreme Court clarified section 78B-3-416(1)(d): "The plain language of the [Utah Health Care Malpractice Act], common law notions of confidential and privileged communications, and policy considerations all dictate that the protections afforded by the statute apply only to the actual proceedings before such panels."[32] Section 78B-3-416(1)(d) separately establishes confidentiality, privilege, and immunity from civil process for the actual proceedings before the Panel but does not identify the Panel Decision as having those same protections.

Utah Code § 78B-3-418, and -419 separate the post-hearing documents—the "opinion" and "certificate of compliance"—from the actual proceedings, and do not impose confidentiality or privilege for either.[33] Section 78B-3-418 deals with the results of the panel, separately from

---

[29] *Coroles v. State*, 2015 UT 48, ¶ 9, 349 P.3d 739 (citing Utah Code Ann. § 78B-3-412(1)).

[30] *Coroles* at ¶ 9; *see also* Utah Code Ann. § 78B-3-416(1)(a).

[31] Utah Code Ann.. § 78B-3-416(1)(d) (emphasis added).

[32] *Munson v. Chamberlain*, 2007 UT 91, ¶ 13, 173 P.3d 848.

[33] Utah Code Ann. §§ 78B-3-416(1), (4), 78B-3-417(1); 78B-3-418(1), (2); 78B-3-419(1).

Section 78B-3-416 which deals with panel proceedings. Section 78B-3-418 provides that the Panel must "render its opinion in writing not later than 30 days *after the end of the proceedings.*"[34] Section 78B-3-419 also provides a clear distinction between the actual proceedings and the post-hearing results: "Evidence of the *proceedings* conducted by the medical review panel *and* its *results, opinion, findings, and determinations* are not admissible as evidence in any civil action . . . ."[35] The Utah Health Care Malpractice Act separates *proceedings* from *results* of the proceedings. Section 78B-3-419 makes both categories inadmissible as evidence.

Apart from the statutes, administration of the Act also demonstrates the Panel Decision has no confidentiality, privilege, and immunity from civil process. The Division has the authority to "establish rules necessary to administer the process and procedures related to prelitigation hearings and the conduct of prelitigation hearings in accordance with Sections 78B-3-416 through 78B-3-420," but it has not done so.[36] The Panel Decision contains no warning that the opinion or its findings are "confidential, privileged, or immune from civil process."[37]

The Utah Health Care Malpractice Act specifically declines to grant confidentiality, privilege, and immunity from civil process to the Panel Decision. Section 78B-3-416 only provides privilege and confidentiality to the "proceedings" conducted by the Panel and does not protect the panel's opinion. Thus, the written opinion is not part of the actual proceedings.

**Worwood's arguments for statutory implication fail.**

The Utah Health Care Malpractice Act's privilege and confidentiality provisions are interpreted "narrowly" and a court must "strictly construe[ them] in accordance with [their]

---

[34] Utah Code Ann. § 78B-3-418(2)(a).

[35] Utah Code Ann. § 78B-3-419(1) (emphasis added).

[36] Utah Code Ann. § 78B-3-416(1)(b)(ii); *see generally* Utah Admin. Code R156-46b-101 to 405.

[37] Exhibit C to Plaintiffs' Motion to Amend, docket no. 40, filed July 12, 2023.

7

object."[38] Unambiguously, the Utah Health Care Malpractice Act defines the Panel's "opinion" as separate from the actual "proceedings" and does not extend the same protections of privilege and confidentiality to the "results, opinions, findings, and determinations" of the Panel.[39]

However, Worwood argues that the Utah Health Care Malpractice Act implies the Panel Decision is confidential and privileged. First, he argues that Panel Decision can only be obtained through participation in the proceedings and therefore, and by extension, should be given the same protection of privilege and confidentiality.[40] Worwood states that unlike a Notice of Intent or evidence submitted to the Panel, which was at issue in *Munson*, the Panel Decision "can only be 'obtained by a party solely through participation in proceedings before a prelitigation panel.'"[41] Worwood also argues that Section 78B-3-419(3) allows the Division to use its own opinions or decisions for licensing purposes but bars all other uses.[42] Both arguments fail.

Worwood's argument that only a party can obtain a Panel Decision is flawed. He extrapolates this result because a Panel Decision can only result from Panel proceedings. But the Act does not make the Panel Decision confidential, privileged, and immune from civil process.[43] The statutory provision of the Utah Health Care Malpractice Act specifically dealing with the opinion of the panel[44] only states that it may not come into evidence in a later civil proceeding. Under the plain language of the Utah Health Care Malpractice Act, confidentiality and privilege do not extend to the Panel Decision.

---

[38] *Munson*, 2007 UT at ¶ 13.

[39] *Compare* Utah Code Ann. § 78B-3-419(1) *with* Utah Code Ann. § 78B-3-416(1)(d).

[40] Defendant's Reply at 7–10.

[41] *Id.* at 13 (quoting *Munson*, 2007 UT at ¶ 20).

[42] *Id.* at 9.

[43] Utah Code Ann. § 78B-3-416(1)(d)

[44] Utah Code Ann. § 78B-3-419(1).

Worwood's second argument tries to enlarge the clear language of Section 78B-3-419(3) which *permits* DOPL to use information, including the panel opinion, in its internal licensing or discipline proceedings.

> (3) Nothing in this chapter may be interpreted to prohibit the division from considering any information contained in a statutory notice of intent to commence action, request for prelitigation panel review, or written findings of a panel with respect to the division's determining whether a licensee engaged in unprofessional or unlawful conduct.

This subsection does not prohibit anything. Specific permission does not imply prohibition.

Plaintiffs' disclosure of the Panel Decision to the press is not barred under the plain language of the Utah Health Care Malpractice Act or the Division's administrative rules. The Panel Decision is not confidential, privileged, or immune from civil process.

**Plaintiffs have not used the Panel Decision as evidence in a civil action or irreparably tainted the jury pool.**

The Panel Decision may not be used as evidence in a civil action.[45] Plaintiffs have not submitted the Panel Decision as evidence to their Fourth Amended Complaint or on any substantive issues.[46] Plaintiffs' attachment of the Panel Decision to their Motion to Amend demonstrated compliance with the Utah Health Care Malpractice Act.[47] Plaintiffs' use of the Panel Decision raised in the Motion does not violate the Utah Health Care Malpractice Act.

Worwood also argues that because the Panel Decision was disclosed to the press he will now "face a blighted jury pool."[48] The Utah Health Care Malpractice Act does not restrict disclosure of the Panel Decision to the public. In this civil action, the Panel Decision will not

---

[45] Utah Code Ann. § 78B-3-419(1).

[46] Motion to Amend, Exhibit C.

[47] *Id.*

[48] Motion at 20; *see also* Defendant's Reply at 9.

become substantive evidence. Any potential jurors who have already formed opinions can be sorted through the voir dire process.

### 2. Plaintiffs' Evidentiary Objection to Worwood's Declaration is irrelevant to resolution of the Motion.

Plaintiffs' Evidentiary Objection argues that Worwood's Declaration filed with his Reply should not be considered because it contradicts his prior sworn testimony.[49] At issue are Worwood's statements offered in his quest for sanctions. This dispute over Worwood's statements is irrelevant to the resolution of this Motion because no sanctions are appropriate — no law has been violated.

### ORDER

Defendant Worwood's Motion to Dismiss with prejudice, and in the alternative to disqualify and for sanctions, is DENIED.[50]

Signed April 14, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[49] Evidentiary Objection at 3, 6.

[50] Motion to Dismiss and Disqualify, docket no. 94, filed May 30, 2024.