IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN JEFFRIES L. GOODRIDGE, Individually and as the Natural Father and as Personal Representative of the Estate of TAYLOR GOODRIDGE, Deceased, and AMBERLYNN WIGTION, Individually and as the Natural Mother of TAYLOR GOODRIDGE, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, INC., a Utah Corporation; BIG SPRINGS PROPERTIES, LLC, a Utah limited liability company; DANNY WORWOOD, M.D., a resident of Utah; BROOKS WILEY, FPMHNP-BC, a resident of Utah; and CAMERON HUGHES, R.N., a resident of Utah,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO OPEN DISCOVERY TO OBTAIN DEFENDANTS' FINANCIAL INFORMATION<br><br>Case No. 4:22-cv-00102-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiffs' Motion for Leave to Open Discovery and Obtain Defendants' Financial Information.[1] Plaintiffs seek to reopen discovery to obtain information related to Diamond Ranch Academy, Inc.'s financial information.[2]

A court may modify a scheduling order upon a showing of good cause.[3] Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion"

[1] Docket No. 157, filed July 15, 2026.

[2] Plaintiffs have clarified that they do not seek discovery from Defendant Brooks Wiley. Docket No. 173, at 2.

[3] Fed. R. Civ. P. 16(b)(4).

of the court.[4] Courts consider the following factors when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[5]

Considering these factors, the Court finds that reopening fact discovery is appropriate. There is no trial date set and there are pending motions for summary judgment. As such, trial is not imminent. Plaintiffs' request is opposed but this factor does not outweigh the others. Defendant has not argued that it would be prejudiced by Plaintiffs' narrowly tailored requests for production. Plaintiffs have been diligent in obtaining discovery and the reason for the delay in seeking the requested information was Plaintiffs' mistaken belief that they first needed to demonstrate a prima facie case supporting punitive damages before seeking such discovery. Discovery on punitive damages was foreseeable, given Plaintiffs' initial request for punitive damages,[6] rendering this factor relatively neutral as all parties were on notice of the potential for this discovery. Finally, Defendant's financial information is relevant as Plaintiffs are seeking punitive damages.[7] Therefore, the Court finds the relevant factors support Plaintiffs' request.

---

[4] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[5] *Id.*

[6] Docket No. 2, at 8.

[7] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded") (citing Restatement (Second) of Torts § 908(2)).

Under Fed. R. Civ. P. 34(b)(2)(A), a response to a request for production is ordinarily due thirty days after service. However, the Rule also establishes that the period can be extended by Court order. Because Plaintiffs' punitive damages claim is the subject of pending motions for summary judgment, the Court finds it appropriate to delay Defendant's response to Plaintiffs' request for production to avoid any undue burden should Plaintiffs' punitive damages claim not survive summary judgment. Therefore, the Court orders that Defendant's response to Plaintiffs' request for production is due thirty days after the Court rules on the parties' pending summary judgment motions. Further, Defendant need not respond to Plaintiffs' request for production if Plaintiffs' punitive damages claim against it fails at summary judgment.

It is therefore

ORDERED that Plaintiffs' Motion for Leave to Open Discovery and Obtain Defendants' Financial Information (Docket No. 157) is GRANTED as set forth above.

DATED this 27th day of August, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge